DANIEL L. WARSHAW (SBN 185365)
  dwarshaw@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

EDWIN J. KILPELA (*Pro Hac Vice* Forthcoming)
  ekilpela@carlsonlynch.com
TODD D. CARPENTER (SBN 234464)
  tcarpenter@carlsonlynch.com
**CARLSON LYNCH LLP**
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991

MELISSA S. WEINER (*Pro Hac Vice* Forthcoming)
  mweiner@pswlaw.com
JOSEPH C. BOURNE (SBN 308196)
  jbourne@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK SNARR, J. MICHAEL DUCA, and CANDACE GOULETTE, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>CENTO FINE FOODS INC., a Pennsylvania corporation, and DOES 1 through 50, inclusive,<br><br>                              Defendant. | Case No.: 3:19-cv-2627<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Derek Snarr, J. Michael Duca, and Candace Goulette ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action complaint against Cento Fine Foods, Inc. ("Defendant"), and allege upon personal knowledge as to Plaintiffs' acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

## INTRODUCTION

1.      Defendant distributes tomato products generically labeled as "Certified San Marzano" ("Product" or the "Products").

2.      San Marzano tomatoes are not a strain of tomato; they are tomatoes that are grown in the Agro Sarnese-Nocerino of Italy.  Tomatoes grown elsewhere are not San Marzano tomatoes.

3.      Furthermore, reasonable consumers purchase San Marzano tomatoes believing they are tomatoes grown in the Agro Sarnese-Nocerino of Italy.

4.      There is large consumer demand for San Marzano tomatoes, and consumers are willing to pay premium prices for San Marzanos, or purchase them instead of other tomatoes, because, rightly or wrongly, consumers believe San Marzano tomatoes have a superior look and taste to tomatoes grown elsewhere within and outside Italy.

5.      To the detriment of consumers, the Products are not San Marzano tomatoes.

6.      Defendant seeks to take advantage of the premium placed on real San Marzano tomatoes by specifically labeling and packaging its tomato products as if they were San Marzano tomatoes grown in the Agro Sarnese-Nocerino in Italy.

7.      Reasonable consumers could and have been misled by the "Certified" marking on the Products' packaging.

8.      As a result of Defendant's false and deceptive labeling, Plaintiffs and the members of the proposed Classes (defined below) have purchased products they otherwise would not have purchased and have paid more for products than they otherwise would have paid.

9.      Plaintiffs bring this action on behalf of themselves and all others similarly situated to halt the dissemination of Defendant's false, misleading and deceptive advertising, correct the inaccurate perception it has created in the minds of consumers, and obtain redress for those who have purchased Defendant's Products.

**JURISDICTION AND VENUE**

10.     The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 Class members, and some of the members of the Classes are citizens of states different from Defendant.

11.     This Court has personal jurisdiction over Defendant because Defendant conducts business in this District. Defendant has marketed, promoted, distributed, and sold the Products in California, rendering exercise of jurisdiction by this Court permissible.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

**INTRADISTRICT ASSIGNMENT**

13.     This action arises in San Francisco County, where Plaintiff Snarr lives and purchased the Products. Pursuant to Local Civil Rule 3-2(e), this action shall be assigned to the San Francisco or the Oakland Division.

**PARTIES**

14.     Plaintiff Derek Snarr is a citizen of the State of California, and, at all times relevant to this action, resided in San Francisco County.

15.     Plaintiff J. Michael Duca is a citizen of the State of California, and, at all times relevant to this action, resided in Contra Costa County and/or Alameda County.

16.     Plaintiff Candace Goulette is a citizen of the State of California, and, at all times relevant to this action, resided in Placer County.

17.     Defendant Cento Fine Foods, Inc., is a New Jersey corporation, and it is headquartered in West Deptford, New Jersey.

**FACTUAL ALLEGATIONS**

**I.     San Marzano tomatoes are specific to the San Marzano region of Italy**

18.     The term "San Marzano" refers to tomatoes unique to a specific region of Italy; it does not refer to a variety of tomatoes. As such, reasonable consumers believe "San Marzano" tomatoes are grown in a specific region of Italy.

19. True San Marzano tomatoes are grown in the Agro Sarnese-Nocerino in southern Italy, where they are cultivated to take advantage of the region's rich volcanic soil and its warm, sunny, and coastal climate.

20. The San Marzano tomato is kept on the vine longer than tomatoes grown in the United States, and after harvest, the tomato generally is peeled and fresh packed with a basil leaf in tomato juice.

21. San Marzano tomatoes have low acidity and are coveted for their firm pulp, deep red color, easy to remove skin, and low seed count. San Marzanos also retain less water than other tomatoes. These qualities make the San Marzano ideal for canning, peeling and drying.

22. Though the seeds used to grow San Marzano tomatoes have been cultivated elsewhere, tomatoes grown outside the Agro Sarnese-Nocerino are not true "San Marzano" tomatoes.

23. Tomatoes not grown in the Agro Sarnese-Norcerino are believed to lack the superior look and taste of San Marzano tomatoes and are thought to suffer from an absence of southern Italy's nutrient-rich volcanic soil and the lack of the abundant sunshine and warmth provided by the southern Italian climate.

24. The limited number of areas suitable for growing restrict supply of the tomatoes and increase prices.

25. In order to be considered an authentic San Marzano tomato, the tomatoes must have a Denominazione di Origine Protetta ("D.O.P.") marking, certifying that the tomato was grown in the correct region.

26. The Cosorzio di Tutela del Pomodoro San Marzano DOP ("Consortium") is the only entity which can certify and approve a San Marzano tomato.

27. The only area approved for growing San Marzano tomatoes is the Agro Sarnese-Nocerino.

28. The town of San Marzano sul Sarno, after which San Marzano tomatoes are named, is located within the Agro Sarnese-Nocerino.

29. Although the Agro Sarnese-Nocerino is located within the Campania region, farms within Campania but outside the Agro Sarnese-Nocerino do not grow authentic San Marzano tomatoes.

30.     Defendant attempts to confuse consumers by stating that its tomatoes are grown in the Campania region of Italy.

31.     Defendant further states that its production facility is located in the Sarnese-Nocerino region.[1]

32.     It is not where the product is canned, but rather where it is grown, that determines whether a tomato is a true San Marzano.

33.     Products that have been certified by the Consortium carry a unique identifier number as well as a two seals certifying the product, one from the Consortium and one from the European Union.

34.     Defendant's "Certified" San Marzano tomatoes do not carry these markings.

**II.     Defendant's Product labeling, packaging, and website are designed to lead reasonable consumers to believe the Products are "San Marzano" tomatoes from Italy, when, in fact, the Products are not true San Marzano tomatoes**

35.     Defendant labels each Product as "San Marzano Certified Peeled Tomato."

36.     The "San Marzano" markings are presented in a specialty, old-style text, and are imposed above red plum tomatoes that circle the Product labels:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] https://www.cento.com/brands/cento/san-marzano.php, site last accessed April 12, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





37.     Overall, the Product labels are designed to create a rustic, old-world feel.

38.     Despite Defendant's affirmative representation that the Products are "San Marzano," and despite the Product packaging, which indicates to reasonable consumers that the tomatoes contained in Defendant's Products are authentic San Marzano tomatoes, the tomatoes utilized for Defendant's Products are not "San Marzano" tomatoes.

39.     The Frequently Asked Questions section of Defendant's website claims that Defendant's "Certified San Marzano" tomatoes are certified by a third party.[2]

40.     Third-party companies are not authorized to certify "San Marzano" tomatoes, as that ability is reserved for the Consortium alone.

41.     Defendant is aware of the growth, region of origin, and certification requirements to establish that a tomato is an authentic "San Marzano" tomato.

42.     Defendant may sell some "San Marzano" tomatoes that are grown in the Agro Sarnese-Nocerino, but it does not disclose that the can marked "Certified" is not, in fact, a certified D.O.P. "San Marzano" tomato.

43.     On the label of the Products, Cento advertises a website: pacTraceability.com.[3] This website redirects users to the Cento website.

44.     Cento advertises a "Find My Field" service on the labeling of the Products.

45.     To locate the field of origin, website users can enter the lot number on the top of a can of the Products.

46.     Several of the fields linked to Certified San Marzano lot numbers are not located in the Agro Sarnese-Nocerino, per the Find My Field tool.

**III.     The impact of Defendant's advertising and labeling practices**

47.     Plaintiffs and the Class members have been and will continue to be deceived or misled by Defendant's false and deceptive labeling and representations.

48.     Defendant's Product labeling and packaging lead reasonable consumers to believe

---

[2] https://www.cento.com/support/faq.php (last visited Mar. 5, 2019).
[3] https://www.cento.com/brands/cento/find-my-field.php (last visited Apr. 12, 2019).

Defendant's Products originate from the Agro Sarnese-Nocerino of Italy: (i) the Products are labeled as "San Marzano"; (ii) the Products contain Italian text denoting the type of tomatoes contained in a particular product; and (iii) the Products' packaging has an old-world, rustic sensibility.

49.     To the detriment of consumers, Defendant's Product labeling is false and misleading as the Products are not, in fact, San Marzano tomatoes.

50.     The false belief created by Defendant's Product labeling and packaging is a material factor in influencing consumer purchase decisions.

51.     Had Plaintiffs and the Class members known the truth about the Products, they would not have purchased the Products and would not have paid the prices they paid for the Products.

52.     Plaintiffs and each Class member was harmed by purchasing Defendant's Products because they did not receive what they paid for, and, as a result, lost money and property.

## IV.     Plaintiffs' Experiences

### A.     Derek Snarr

53.     Plaintiff Snarr purchased the Products on many occasions, roughly twice per month, beginning in or around 2013, at various grocery stores.

54.     Plaintiff Snarr last purchased Cento Certified San Marzano Tomatoes on or around late February 2019, at either Costco, Whole Foods, or Safeway in San Francisco, California.

55.     Plaintiff Snarr relied upon the "Certified" marking on Cento's Certified San Marzano tomatoes when purchasing the tomatoes, believing them to be authentic San Marzano tomatoes.

56.     Had the tomatoes not displayed the "Certified" marking, Plaintiff Snarr either would not have purchased the tomatoes or would not have been willing to pay a premium for the tomatoes. If Plaintiff Snarr could rely upon the truthfulness of Defendant's labeling, he would continue to purchase the Products in the future.

### B.     J. Michael Duca

57.     Plaintiff Duca purchased the Products on many occasions over the past 12 to 15 years at a various grocery stores.

58.     Plaintiff Duca has purchased Cento Certified San Marzano Tomatoes within the past year and believes he purchased the tomatoes at either Costco, Raley's, or Safeway in the Bay Area.

59.     Plaintiff Duca has been aware of the issue with fake San Marzano tomatoes in the United States for several years and goes out of his way to try to ensure that the San Marzano tomatoes he purchases are, in fact, real San Marzano tomatoes.

60.     Plaintiff Duca relied on the "Certified" marking to ensure he was purchasing authentic San Marzano tomatoes.

61.     Plaintiff Duca only paid a higher price for the Products because of the "Certified" marking.

62.     Absent the "Certified" marking, Plaintiff Duca either would not have purchased the Products or would not have been willing to pay a higher price for the Products.

63.     Plaintiff Duca was deceived and misled by the "Certified" marking on Cento's Certified San Marzano tomatoes. If Plaintiff Duca could rely upon the truthfulness of Defendant's labeling, he would continue to purchase the Products in the future.

**C.     Candace Goulette**

64.     Plaintiff Goulette has been purchasing San Marzano tomatoes, including Cento Certified San Marzano Tomatoes, for the past 19 years.

65.     Plaintiff Goulette last purchased Cento Certified San Marzano Tomatoes on March 4, 2019, at the Safeway store located in Lincoln, California.

66.     As an avid cook who frequently makes tomato sauce, Plaintiff Goulette attempts to purchase high-quality ingredients for her cooking.

67.     Plaintiff Goulette believed she was purchasing authentic San Marzano tomatoes because she saw "Certified" on the can of Cento San Marzano tomatoes.

68.     The "Certified" marking, along with the higher price of Cento Certified San Marzano tomatoes over the price of regular canned tomatoes, induced Plaintiff Goulette into believing that she was purchasing the high-quality product that was advertised on the can and paying a higher price for the Products.

69.     Plaintiff Goulette would not have purchased, or would not have been willing to pay a higher price for the Products, absent the "Certified" marking. If Plaintiff Goulette could rely upon the truthfulness of Defendant's labeling, she would continue to purchase the Products in the future.

### FED. R. CIV. P. 9(b) ALLEGATIONS

70.     Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

71.     WHO: Cento Fine Foods Inc. made material misrepresentations and/or omissions of fact in selling tomato products labeled as "Certified San Marzano."

72.     WHAT: Defendant made material misrepresentations and/or omissions of fact by specifically labeling and packaging its tomato products as if they were San Marzano tomatoes grown in the Agro Sarnese-Nocerino in Italy.  Tomatoes not grown in the Agro Sarnese-Norcerino are believed to lack the superior look and taste of San Marzano tomatoes and are thought to suffer from an absence of southern Italy's nutrient-rich volcanic soil and the lack of the abundant sunshine and warmth provided by the southern Italian climate. In order to be considered authentic San Marzano tomatoes, the tomatoes must have a  D.O.P. marking, certifying that the tomatoes were grown in the correct region. Defendant knew or should have known this information is material to the reasonable consumer and impacts the purchasing decision. Defendant attempts to confuse consumers by stating that its tomatoes are grown in the Campania region of Italy, when it knows they are not grown in the Agro Sarnese-Nocerino.

73.     WHEN:  Defendant made material misrepresentations and/or omissions detailed herein continuously throughout the Class Period.

74.     WHERE:  Defendant's material misrepresentations and/or omissions were made on the labeling and packaging of its Products.

75.     HOW:  Defendant made written misrepresentations and/or failed to disclose material facts regarding the true quality and certification of the Products on the labeling and packaging of the Products.

76.     WHY:  Defendant engaged in the material misrepresentations and/or omissions detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay for the Products.  Defendant profited by selling the Products to thousands of consumers.

///

**CLASS DEFINITIONS AND ALLEGATIONS**

77.     Plaintiffs, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), bring this action on behalf of the following Classes:

(a)     California Class: All persons who purchased Defendant's Products within the state of California and within the applicable statute of limitations period.

(b)     Nationwide Class: All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period (collectively, the "Classes").

78.     Excluded from the Classes are Defendant, its parents, subsidiaries, affiliates, officers, and directors, those who purchased the Cento Certified San Marzano Tomato Products for resale, all persons who make a timely election to be excluded from the Classes, the judge to whom this case is assigned and any immediate family members thereof, and those who assert claims for personal injury.

79.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that individual joinder of all Class members is impracticable. Defendant has sold many thousands of units of the Products to Class members.

80.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a)     Whether the representations discussed herein that Defendant made about the Products were or are true, misleading, or likely to deceive a reasonable consumer;

(b)     Whether the representations discussed herein were material to a reasonable consumer;

(c)     Whether Defendant's conduct violates public policy;

(d)     Whether Defendant engaged in false or misleading advertising;

(e)     Whether Defendant's conduct constitutes violations of the laws asserted herein;

(f)     Whether Plaintiffs and the other Class members have been injured and the proper measure of their losses as a result of those injuries; and

/ / /

(g)    Whether Plaintiffs and the other Class members are entitled to injunctive, declaratory, or other equitable relief.

81.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of those of the other Class members' because, among other things, Plaintiffs and all Class members were comparably injured through the uniform conduct described herein.

82.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Classes because Plaintiffs' interests do not conflict with the interests of the other Class members Plaintiffs seek to represent; Plaintiffs have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel.

83.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Classes as a whole.

84.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, making it impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

/ / /

/ / /

**CLAIMS ALLEGED**

**COUNT I**

**Violation of the California Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200,** *et seq.*

**(On Behalf of the California Class)**

85.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

86.     Plaintiffs bring this claim individually and on behalf of the Class.

87.     Plaintiffs and Defendant are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

88.     The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

89.     In the course of conducting business, Defendant engaged in unlawful business practices by violating Cal. Civ. Code § 1770 and Cal. Bus. & Prof. Code § 17500, as explained more fully below. Plaintiffs reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

90.     In the course of conducting business, Defendant also committed "unfair" and "fraudulent" business practices by, among other things, representing that its Products were "San Marzano" tomatoes, when, in fact, they were not.

91.     These representations, Defendant's corresponding omissions, and Defendant's other related actions and conduct were false, misleading, and likely to deceive the consuming public.

92.     Additionally, there were reasonably available alternatives to Defendant's conduct, and Defendant's false and deceptive advertising provided no societal benefit. Plaintiff and the members of the Class paid large sums of money to Defendant to receive "San Marzano" tomatoes, but did not receive such products.

93.     Receiving money as a result of false and misleading advertising is contrary to public policy and is immoral, unethical, oppressive, unscrupulous and substantially injures consumers. And, as demonstrated by the many California laws prohibiting false and deceptive advertising, there is no

1  justification or motive that outweighs the harm caused by Defendant's false and deceptive advertising.

2       94.    Defendant knew, or should have known, its material misrepresentations and omissions

3  would be likely to deceive and harm the consuming public and result in consumers making payments to

4  Defendant to obtain "San Marzano" tomato products that did not contain "San Marzano" tomatoes.

5       95.    Plaintiffs and the Class lost money and suffered injury in fact by purchasing Defendant's

6  Products, and Defendant was unjustly enriched by receiving payments from Plaintiffs and the Class in

7  return for providing Plaintiffs and the Class products that were not as advertised.

8       96.    Unless restrained and enjoined, Defendant will continue to engage in the unlawful, unfair

9  and fraudulent conduct described herein.

10       97.    Accordingly, Plaintiffs, individually and on behalf of all others similarly situated, and on

11  behalf of the general public, seek restitution from Defendant of all money from Plaintiffs and the other

12  members of the Class obtained as a result of Defendant's unfair competition, an injunction prohibiting

13  Defendant from continuing and further engaging in its unlawful, unfair and fraudulent conduct,

14  corrective advertising, and all other relief the Court deems appropriate.

15                                  **COUNT II**

16            **Violation of the California Consumers Legal Remedies Act ("CLRA")**

17                          **Cal. Civ. Code §§ 1750, *et seq.***

18                        **(On Behalf of the California Class)**

19       98.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

20       99.    The CLRA, Cal. Civ. Code §§ 1750, *et seq.*, was designed and enacted to protect

21  consumers from unfair and deceptive business practices.  To this end, the CLRA sets forth a list of

22  unfair and deceptive acts and practices in California Civil Code § 1770.

23       100.    Plaintiffs bring this claim individually and on behalf of the Class.

24       101.    Plaintiffs are "consumers," Defendant is a "person," and the Products are "goods" within

25  the meaning of the CLRA.  Cal. Civ. Code § 1761(a), (c) and (d).

26       102.    Defendant's sale and advertisement of the Products constitute "transactions" within the

27  meaning of the CLRA.  Cal. Civ. Code § 1761(e).

28  / / /

103.   Plaintiffs have standing to pursue these claims because they have suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.

104.   The CLRA declares as unlawful the following unfair methods of competition and unfair or deceptive acts or practices when undertaken by any person in a transaction intended to result, or which results in the sale of goods to any consumer:

(5)   Representing that goods . . . have . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

(7)   Representing that goods … are of a particular standard, quality or grade . . . if they are of another.

(9)   Advertising goods . . . with intent not to sell them as advertised.

(16)   Representing that [goods] have been supplied in accordance with a previous representation when [they have] not.

Cal. Civ. Code § 1770(a)(5), (7), (9) and (16).

105.   Defendant violated the CLRA by representing that its Products contain "San Marzano" tomatoes, when the Products do not contain "San Marzano" tomatoes.

106.   Defendant knew or should have known its content and place of origin representations were false and misleading.

107.   Defendant's violations of the CLRA proximately caused injury in fact to Plaintiffs and the Class.

108.   Plaintiffs and the Class members purchased Defendant's Products on the belief that the Products were "San Marzano" tomatoes.

109.   Defendant's Products, however, do not contain "San Marzano" tomatoes, but instead, contain tomatoes grown elsewhere in Italy.

110.   Pursuant to Cal. Civ. Code § 1782(d), Plaintiffs, individually and on behalf of the other members of the Class, seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

111.   In accordance with Cal. Civ. Code § 1780(a), Plaintiffs and the Class members seek injunctive and equitable relief for Defendant's violations of the CLRA.

112.     Plaintiff Snarr's affidavit stating facts showing that venue in this Court is proper pursuant to Cal. Civ. Code § 1780(d) is attached hereto as Exhibit A.

113.     Pursuant to Cal. Civ. Code § 1782(a), Plaintiffs' counsel will notify Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiffs' letter or agree to rectify the problems associated with the actions described above and give notice to all affected consumers within 30 days of the date of written notice, then Plaintiffs will move to amend their Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant. As to this cause of action at this time, Plaintiffs only seek injunctive relief.

## COUNT III

### Violation of the California False Advertising Law ("FAL")

### Cal. Bus. & Prof. Code §§ 17500, *et seq.*

### (On Behalf of the California Class)

114.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

115.     Plaintiffs bring this claim individually and on behalf of the Class.

116.     The FAL, in relevant part, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

117.     Defendant's material misrepresentations and omissions alleged herein violate Cal. Bus. & Prof. Code § 17500.

118.     Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

119.     Pursuant to California Business & Professions Code §§ 17203 and 17500, Plaintiffs and

1  the members of the Class seek an order of this Court enjoining Defendant from continuing to engage,

2  use, or employ its practice of falsely and misleadingly labeling the Products.

3        120.    The required intent is the intent to dispose of property, not the intent to mislead the public

4  in the disposition of such property.

5        121.    Defendant violated the FAL by representing that its Products contain "San Marzano"

6  tomatoes, when the Products do not contain such tomatoes.

7        122.    As a direct and proximate result of Defendant's untrue and misleading advertising,

8  Plaintiff and the Class members have suffered injury in fact and have lost money.

9        123.    Accordingly, Plaintiffs request that the Court order Defendant to restore the money

10  Defendant has received from Plaintiffs and the members of the Class, and that the Court enjoin

11  Defendant from continuing its unlawful practices.

12  **<u>COUNT IV</u>**

13  **Unjust Enrichment**

14  **(On Behalf of the Classes)**

15        124.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

16        125.    At all times relevant hereto, Defendant deceptively marketed, advertised, and sold

17  merchandise to Plaintiffs and the Classes.

18        126.    Plaintiffs and members of the Classes conferred upon Defendant nongratuitous payments

19  for the Products that they would not have if not for Defendant's deceptive advertising and marketing.

20  Defendant accepted or retained the nongratuitous benefits conferred by Plaintiffs and members of the

21  Classes, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiffs and

22  members of the Classes were not receiving a product of the quality, nature, fitness, or value that had

23  been represented by Defendant and reasonable consumers would have expected.

24        127.    Defendant has been unjustly enriched in retaining the revenues derived from purchases of

25  merchandise by Plaintiffs and members of the Classes. Defendant's retention of that benefit under these

26  circumstances is unjust and inequitable because Defendant misrepresented, among other things, that its

27  merchandise possessed characteristics that the Products did not, in fact, possess. Defendant's

28  misrepresentations caused injuries to Plaintiffs and members of the Classes because they paid a price

premium due to the misleading advertising and markings on the Products' cans that they otherwise would not have paid.

128.   Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiffs and members of the Classes under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution to Plaintiffs and members of the Classes for unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the proposed Classes, respectfully request that the Court enter judgment in Plaintiffs' favor and against Defendant as follows:

A.   Certifying the Classes as requested herein, designating Plaintiffs as class representatives and appointing the undersigned counsel as class counsel;

B.   Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.   Ordering restitution and disgorgement of all profits and unjust enrichment Defendant obtained from Plaintiffs and the Class members as a result of Defendant's unlawful, unfair and fraudulent business practices;

D.   Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

E.   Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiffs and the other members of the Classes;

F.   Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

G.   Ordering such other and further relief as may be just and proper.

/ / /

/ / /

/ / /

1

## JURY DEMAND

2        Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

3

Dated: May 14, 2019

4

5                                    */s/ Daniel L. Warshaw*
                                     DANIEL L. WARSHAW

6
                                     Daniel L. Warshaw (SBN 185365)
7                                      dwarshaw@pswlaw.com
                                     **PEARSON, SIMON & WARSHAW, LLP**
8                                    44 Montgomery Street, Suite 2450
                                     San Francisco, CA 94104
9                                    Telephone: (415) 433-9000
                                     Facsimile: (415) 433-9008
10

11                                   Todd D. Carpenter (SBN 234464)
                                       tcarpenter@carlsonlynch.com
12                                   **CARLSON LYNCH, LLP**
                                     402 West Broadway, 29th Floor
13                                   San Diego, CA 92101
                                     Telephone: (619) 347-3517
14                                   Facsimile: (619) 756-6991

15
                                     Edwin J. Kilpela (*Pro Hac Vice* Forthcoming)
16                                     ekilpela@carlsonlynch.com
                                     **CARLSON LYNCH, LLP**
17                                   1133 Penn Avenue, 5th Floor
                                     Pittsburgh, PA 15222
18                                   Telephone: (412) 322-9243
                                     Facsimile: (412) 231-0246
19

20                                   Melissa S. Weiner (*Pro Hac Vice* Forthcoming)
                                       mweiner@pswlaw.com
21                                   JOSEPH C. BOURNE (SBN 308196)
                                       jbourne@pswlaw.com
22                                   **PEARSON, SIMON & WARSHAW, LLP**
                                     800 LaSalle Avenue, Suite 2150
23                                   Minneapolis, MN 55402
                                     Telephone: (612) 389-0600
24                                   Facsimile: (612) 389-0610

25
                                     *Attorneys for Plaintiffs*
26

27

28