Matthew R. Orr, Bar No. 211097
  morr@calljensen.com
William P. Cole, Bar No. 186772
  wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Appearance *Pro Hac Vice:*
Sanjay S. Karnik, Illinois Bar No. 6300156
  sanjay@amintalati.com
Daniel S. Tyler, Illinois Bar No. 6315798
  daniel@amintalati.com
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Tel:   (312) 784-1061
Fax:   (312) 884-7352

Attorneys for Defendant Cento Fine Foods, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK SNARR, J. MICHAEL DUCA, and CANDACE GOULETTE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTO FINE FOODS INC., and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No.  4:19-cv-02627-HSG<br><br>**DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS PURSUANT TO**<br>**Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 12(b)(2)**<br><br>Date:  August 8, 2019<br>Time:  2:00p.m.<br>Place:  Courtroom 2, Oakland<br><br>Complaint Filed:  May 14, 2019<br>Trial Date:  None Set<br><br>Hon. Haywood S. Gilliam, Jr. |

CALL & JENSEN

DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS

**TO THE COURT, ALL PARTIES AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on **August 8, 2019 at 2:00 p.m.** or as soon thereafter as may be heard by the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 in the Oakland Division of this Court, Defendant Cento Fine Foods, Inc. ("Defendant" or "Cento") will, and hereby does, move the Court for an order granting Cento's motion to dismiss.

This motion is made pursuant to Rule 8, 9(b), 12(b)(6), 12(b)(1), and 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a claim for relief and suffers fatal jurisdictional and procedural defects. For these reasons, the Court should dismiss the Complaint in its entirety, with prejudice.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, request for judicial notice, the pleadings and files in this action, and such other matters as may be presented at or before the hearing.

Dated:  June 28, 2019

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole

By:/s/ William P. Cole
     William P. Cole

Appearance *Pro Hac Vice:*
AMIN TALATI WASSERMAN, LLP
Sanjay S. Karnik
Daniel S. Tyler

By: /s/ Daniel S. Tyler
     Daniel S. Tyler

Attorneys for Defendant Cento Fine Foods, Inc.

1

**TABLE OF CONTENTS**

2   I.    INTRODUCTION……………………………………………………………..1

3   II.   THE COMPLAINT……………………………………………………………3

4         A.   San Marzano Tomatoes and Certification…………………………………3

5         B.   Individual and Class Allegations…………………………………………..4

6   III.  DEFENDANT'S CERTIFICATIONS AND GROWING LOCATIONS………...5

7         A.   Evidence Outside the Pleadings…………………………………………5

8         B.   Requests for Judicial Notice………………………………………………6

9   IV.   STANDARDS GOVERNING THIS MOTION……………………………..7

10        A.   Rule 12(b)(6) and Rule 9(b) Pleading Standard……………………………7

11        B.   Rule 12(b)(1) …………………………………..……………………………8

12        C.   Rule 12(b)(2) …………………………………..……………………………8

13  V.    PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON

14        THE PRODUCTS' GROWING REGION………………………………………8

15  VI.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON

16        THE PRODUCTS' CERTIFICATION…………………………………………10

17  VII.  PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF…………13

18  VIII. PUTATIVE   NONRESIDENTS'   NATIONWIDE   SUBCLASS   CLAIMS

19        SHOULD BE DISMISSED FOR LACK OF SPECIFIC JURISDICTION……...15

20  IX.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM FOR UNJUST

21        ENRICHMENT…………………………………………………………………16

22  X.    PLAINTIFFS CANNOT STATE ANY CLAIM BASED ON CONDUCT

23        OCCURRING   OUTSIDE   THE   APPLICABLE   STATUTES   OF

24        LIMITATION………………………………………………………………...17

25  XII.  CONCLUSION……………………………………………………………17

26

27

28

1

# TABLE OF AUTHORITIES

2

Page

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .........................................................................................7

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ...........................................................................7

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) .........................................................................................7

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008) .........................................................................8

*Bristol-Myers Squibb Co. v. Superior Court,*
   137 S. Ct. 1773 (2017)...........................................................................15, 16

*Broomfield v. Craft Brew Alliance, Inc.,*
   2017 U.S. Dist. LEXIS 194451 (N.D. Cal. Nov. 27, 2017).........................14

*Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
   637 F.3d 1047 (9th Cir. 2011) .........................................................................8

*Chandler v. State Farm Mut. Auto. Ins. Co.,*
   598 F.3d 1115 (9th Cir. 2010) .........................................................................8

*Chavez v. United States,*
   683 F.3d 1102 (9th Cir. 2012) .........................................................................7

*Conservation Force v. Salazar,*
   646 F.3d 1240 (9th Cir. 2011) .........................................................................7

*Cooper v. Pickett,*
   137 F.3d 616 (9th Cir. 1997) ...........................................................................7

*Daimler AG v. Bauman,*
   571 U.S. 117 (2014) ...................................................................................8, 15

*Davidson v. Kimberly-Clark Corp.,*
   889 F.3d 956 (9th Cir. 2018) ...................................................................13, 14

CALL &
JENSEN

# TABLE OF AUTHORITIES

<u>Page</u>

*In re Apple In-App Purchase Litig.*,
　855 F. Supp. 2d 1030 (N.D. Cal. 2012)..........................................................................9

*In re Gilead Scis. Sec. Litig.*,
　526 F.3d 1049 (9th Cir. 2008) .......................................................................................7

*In re Nexus 6P Prods. Liab. Litig.*,
　293 F. Supp. 3d 888 (N.D. Cal. 2018).........................................................................16

*In re Samsung Galaxy Mktg. & Sales Practices Litig.*,
　2018 U.S. Dist. LEXIS 54850 (N.D. Cal. Mar. 30, 2018) ..........................................16

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
　781 F.Supp.2d 955 (N.D. Cal. 2011)............................................................................16

*Kearns v. Ford Motor Co.*,
　567 F.3d 1120 (9th Cir. 2009) .......................................................................................7

*Keilholtz v. Lennox Hearth Products, Inc.*,
　2009 WL 2905960 (N.D. Cal. Sep. 8, 2009)................................................................17

*Khoja v. Orexigen Therapeutics, Inc.*,
　899 F.3d 988 (9th Cir. 2018) .........................................................................................5

*Larsen v. Trader Joe's Co.*,
　2012 WL 5458396 (N.D. Cal. June 14, 2012) .............................................................13

*Lee v. City of Los Angeles*,
　250 F.3d 668 (9th Cir. 2001) .........................................................................................6

*Letizia v. Facebook Inc.*,
　267 F. Supp. 3d 1235 (N.D. Cal. 2017).........................................................................6

*Lewis v. Casey*,
　518 U.S. 343 (1996) .....................................................................................................13

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992) .....................................................................................................13

1

## TABLE OF AUTHORITIES

2

<u>Page</u>

3
*Maeda v. Pinnacle Foods Inc.*,

4
   2019 U.S. Dist. LEXIS 79105 (D. Haw. May 9, 2019) ................................................ 13

5
*Maya v. Centex Corp.*,

6
   658 F.3d 1060 (9th Cir. 2011) ......................................................................................... 8

7
*Morrison v. Ross Stores, Inc.*,

8
   2018 U.S. Dist. LEXIS 194431 (N.D. Cal. Nov. 14, 2018) ........................................ 16

9
*Navarro v. Block*,

10
   250 F.3d 729 (9th Cir. 2001) ........................................................................................... 7

11
*Peacock v. The 21st Amendment Brewery Café, LLC*,

12
   2018 U.S. Dist. LEXIS 7537 (N.D. Cal. Jan. 17, 2018) .............................................. 11

13
*Phillips v. Apple Inc.*,

14
   2016 U.S. Dist. LEXIS 53148 (N.D. Cal. Apr. 19, 2016) .............................................. 8

15
*Sciacca v. Apple, Inc.*,

16
   362 F. Supp. 3d 787 (N.D. Cal. 2019) .......................................................................... 14

17
*Summers v Earth Island Inst.*,

18
   555 U.S. 488 (2009) ....................................................................................................... 13

19
*Swartz v. KPMG LLP*,

20
   476 F.3d 756 (9th Cir. 2007) ........................................................................................... 9

21
*United States v. Ritchie*,

22
   342 F.3d 903 (9th Cir. 2003) ........................................................................................... 5

23
*Williams v. Gerber Prods. Co.*,

24
   552 F.3d 934 (9th Cir. 2008) ......................................................................................... 12

25
*Williams v. Yamaha Motor Co.*,

26
   851 F.3d 1015 (9th Cir. 2017) ......................................................................................... 8

27
*Wilson v. Frito-Lay N. Am., Inc.*,

28
   260 F. Supp. 3d 1202 (N.D. Cal. 2017) .......................................................................... 9

CALL &
JENSEN

# TABLE OF AUTHORITIES

Page

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal 2010).........................................................................17

**STATE CASES**

*Mills v. Forestex Co.*,
   108 Cal. App. 4th 625 (2003) ....................................................................................17

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17208 ..................................................................................17
Cal. Bus. & Prof. Code §§ 1750 .....................................................................................5
Cal. Bus. Prof. Code §§ 17200.......................................................................................4
Cal. Civ. Code §§ 1750 ....................................................................................................4

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................8
Fed. R. Civ. P. 12(b)(2) ....................................................................................................8
Fed. R. Civ. P. 12(b)(6) ..........................................................................................7, 8, 11
Fed. R. Civ. P. 8 ..........................................................................................................1, 10
Fed. R. Civ. P. 9(b) ....................................................................................1, 7, 10, 12
Fed. R. Evid. 201.......................................................................................................5, 6
Fed. Rule Civ. Proc. 4(k)(1)(A) .......................................................................................8

**FEDERAL REGULATIONS**

37 C.F.R. § 2.65(c)...........................................................................................................12
37 C.F.R. § 2.66 ...............................................................................................................12

**FEDERAL STATUTES**

15 U.S.C. § 1051(d) ........................................................................................................12

## STATEMENT OF THE ISSUES TO BE DECIDED PER L.R. 7-4(A)(3)

1. ***Growing Location.*** Whether Plaintiffs have alleged plausibly and with particularly, under Fed. R. Civ. P. 8 and 9(b), that the Cento San Marzano Certified Peeled Tomatoes they personally purchased were not grown in the accepted region for the growth of San Marzano tomatoes.

2. ***"Certified" Statement and "D.O.P." Marking.*** Whether Plaintiffs have alleged plausibly and with particularly, under Fed. R. Civ. P. 8 and 9(b), that the Cosorzio di Tutela del Pomodoro San Marzano DOP ("Consortium") is the only entity which can certify a San Marzano tomato for sales in the United States, and that San Marzano tomatoes sold in the United States must have the Consortium's "D.O.P." marking.

3. ***Standing (Injunctive Relief).*** Whether Plaintiffs have Article III standing to seek injunctive relief by having plausibly alleged future injury.

4. ***Personal Jurisdiction.*** Whether specific jurisdiction exists over Defendant with respect to class claims by nonresident putative class members.

5. ***Unjust Enrichment.*** Whether Plaintiffs have plausibly alleged a claim for unjust enrichment.

6. ***Statute of Limitations.*** Whether Plaintiffs state a claim for any conduct occurring outside the applicable statute of limitations.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

At bar, Plaintiffs bring a baseless "country of origin" putative class action. Plaintiffs admit that Cento's San Marzano Certified Peeled Tomatoes (the "Products") are grown in southern Italy, and they further admit that some of the Products are grown in the exact region they claim are acceptable for San Marzano tomato growth. As such, this is not a typical "country of origin" action, where a product is made from ingredients sourced from another country or is not made in the country that its label suggests. Accordingly, this case already begins behind the eight ball.

DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS

Instead, Plaintiffs conclusorily allege (without facts) that the Products may not be grown in the accepted region for San Marzano tomato growth, and do not contain the appropriate certification marking from the supposed only authority that can certify tomatoes as "San Marzano." The Complaint should be dismissed for several reasons. First, Plaintiffs fail to plausibly allege that the Cento San Marzano Products they personally purchased were not grown in the only region they claim that San Marzano tomatoes can come from. Despite alleging facts demonstrating that they could have tracked the exact location and farm of their alleged purchases, Plaintiffs do not contend that they performed this task or otherwise discovered that the Products they purchased were not grown in the Agro Sarnese-Nocerino area of southern Italy.

Second, Plaintiffs fail to plausibly allege any facts demonstrating that only the Consortium, with its "D.O.P." marking, can certify San Marzano tomatoes. They do not cite any relevant legal or industry authority to claim that the Consortium's "D.O.P." marking is the only acceptable San Marzano tomato certification, or that Defendant's certification is somehow not acceptable. Plaintiffs do not allege that any authority deems what may or may not be designated as "San Marzano" style tomatoes in the United States or any regulation that Cento has violated, making its advertising illegal. Indeed, given the statements contained on portions of Defendant's website (raised by the Plaintiffs) and documents incorporated by reference establishing that the Products are indeed certified, Plaintiffs fail to plausibly allege that their reliance on the "Certified" statement alone constitutes a material misrepresentation.

Third, Plaintiffs have not adequately alleged that they are in imminent harm of future injury, and therefore lack Article III standing to seek injunctive relief. Fourth, all putative class claims of nonresidents must be dismissed for lack of specific jurisdiction. Fifth, Plaintiffs fail to plausibly allege a claim for unjust enrichment. Sixth, Plaintiffs fail to state a claim for any conduct occurring outside the applicable statute of limitations.

Plaintiffs bring a baseless Complaint bereft of factual support or valid legal claims and lacking in any reasonable pre-suit investigation. For these reasons, explained fully

below, Plaintiffs' Complaint must be dismissed in its entirety, with prejudice, as no amount of re-pleading can resurrect these fatally flawed claims.

## II.   THE COMPLAINT

### A.   San Marzano Tomatoes and Certification

Plaintiffs allege that "San Marzano tomatoes are not a strain of tomato; they are tomatoes that are grown in the Agro Sarnese-Nocerino of Italy."[1] (Dkt. No. 1, Complaint, ¶ 2). Plaintiffs allege that "reasonable consumers purchase San Marzano tomatoes believing they are grown in the Agro Sarnese-Nocerino of Italy." (*Id.* ¶ 3). Plaintiffs contend "Defendants seek to take advantage of the premium placed on real San Marzano tomatoes by specifically labeling its tomato products as if they were San Marzano tomatoes grown in the Agro Sarnese-Nocerino in Italy." (*Id.* ¶ 6). Plaintiffs allege that "[t]omatoes not grown in the Agro Sarnese-Nocerino are believed to lack the superior look and taste of San Marzano tomatoes and are thought to suffer from an absence of southern Italy's nutrient-rich volcanic soil and the lack of the abundant sunshine and warmth provided by the southern Italian climate." (*Id.* ¶ 24).  Plaintiffs later equivocate, admitting that "Defendant may sell some 'San Marzano' tomatoes that are grown in the Agro Sarnese-Nocerino[.]" (*Id.* ¶ 42).

Plaintiffs claim, with no factual or legal support, that "[i]n order to be considered an authentic San Marzano tomato, the tomatoes must have a Denominazione di Origine Protetta ('D.O.P.') marking, certifying that the tomato was grown in the correct region." (*Id.* ¶ 25).  Similarly, Plaintiffs contend with no supporting facts that "[t]he Cosorzio di Tutela del Pomodoro San Marzano DOP ('Consortium') is the only entity which can certify and approve a San Marzano tomato." (*Id.* ¶ 26). Plaintiffs direct the Court to Defendant's FAQ page on its website, and claim that "[t]hird-party companies are not authorized to certify 'San Marzano' tomatoes, as that ability is reserved for the Consortium alone." (Complaint, ¶¶ 39 n.2, 40).  Defendant's FAQ page states that "[a]n

---

[1] Right at the outset, Plaintiffs' allegations are demonstrably false.  San Marzano tomatoes are absolutely a unique variety of tomatoes, just as beefsteak, heirloom, or Roma tomatoes are unique variations of tomatoes.

CALL&
JENSEN

independent third party, Agri-Cert, certifies that our Cento Certified San Marzano Tomatoes are produced with the proper, traditional method to ensure superior quality and authenticity."[2]   Plaintiffs allege that on the Products' label Defendant advertises a website, pacTraceability.com, which redirects to a page on Defendant's website containing a "Find My Field" search program.  (*Id.* ¶¶ 43 n.3, 44).  On this page, Plaintiffs allege that users "can enter the lot number on the top of a can of the Products[]" to "[l]ocate the field of origin[.]"(*Id.* ¶ 45).

### B.    Individual and Class Allegations

Plaintiff Derek Snarr purchased the Products beginning in or around 2013, roughly twice per month.  (*Id.* ¶ 53).  Mr. Snarr alleges that he relied upon the "Certified" marking on Defendant's Products.  (*Id.* ¶ 55).  Plaintiff J. Michael Duca alleges that he "has been aware of the issue with fake San Marzano tomatoes in the United States for several years[,]" *id.* ¶ 59, and that he similarly "relied on the 'Certified' marking to ensure he was purchasing authentic San Marzano tomatoes."  (*Id.* ¶ 60).  Plaintiff Candace Goulette also only relied on the "Certified" marking of Defendant's product when making her purchasing decision.  (*Id.* ¶¶ 68-69).  All Plaintiffs allege that if they "could rely upon the truthfulness of Defendant's labeling, [they] would continue to purchase the Products in the future."  (*Id.* ¶¶ 56, 63, 69).

Plaintiffs appear to primarily allege: (1) that "Defendant attempts to confuse consumers by stating that its tomatoes are grown in the Campania region of Italy, when it knows they are not grown in the Agro Sarnese-Nocerino[;]" and (2) that San Marzano tomatoes "must" have a D.O.P. marking.  (*Id.* ¶ 72).  Plaintiffs seek to certify a California class and a nationwide class of "[a]ll persons who purchased Defendant's Products…within the applicable statute of limitations period."  (*Id.* ¶ 77).  Plaintiffs bring California class claims under the California Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200, *et seq.* ("UCL"), specifically restitution [Count I]; the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), for

---

[2] *See* https://www.cento.com/support/faq.php (last visited June 21, 2019) (same as n.2 of ¶ 39 of the Complaint).

injunctive relief only [Count II]; and the California False Advertising Law, Cal. Bus. & Prof. Code §§ 1750, *et seq.* ("FAL") [Count III]. Plaintiffs bring a nationwide class claim for unjust enrichment [Count IV].

## III.   DEFENDANT'S CERTIFICATIONS AND GROWING LOCATIONS

"San Marzano" style tomatoes are a generic term to describe a variety of tomatoes obtained from vines located in the Agro Sarnese-Nocerino area of Italy, near the base of Mount Vesuvius. The term "San Marzano" itself is not the exclusive property of any tomato producer, any more than the term "Ribeye" is exclusively protectable in the beef industry. Cento's Products follow, and indeed exceed, industry standards for the cultivation of authentic San Marzano tomatoes. Cento's farming operations are certified by a European Union recognized, third-party auditor and its source tomatoes are grown in the Agro Sarnese-Nocerino area of Italy – exactly where Cento advertises that they are grown. This is clearly demonstrable, and Plaintiffs have made no factual allegations (only conspiratorial conclusions) to support their claims.

### A.   Evidence Outside the Pleadings

A court may consider certain evidence and materials outside the pleading – "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Ritchie*, 342 F.3d at 907).

The Court may take judicial notice of a matter or fact when it is "not subject to reasonable dispute" because it is either (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. Under the incorporation by reference doctrine, a court may consider a document extrinsic to the

complaint if the document's "authenticity is not contested and the plaintiff's complaint necessarily relies on [it]." *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1241 (N.D. Cal. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

### B.     Requests for Judicial Notice

Defendant requests that the Court, under Rule 201 or the incorporation by reference doctrine, take judicial notice of the following evidence outside the pleadings:

1.     Statements contained on Defendant's Frequently Asked Questions page of its website (*see* link at n.2, above) (submitted under F.R.E. 201 and the incorporation by reference doctrine);

2.     A true and correct copy of Defendant's U.S. Trademark Reg. No. 3210945 for the "San Marzano" design plus words trademark (submitted under F.R.E. 201, and introduced through the Declaration of Daniel S. Tyler ("Tyler Decl."), ¶ 2, Exhibit "A");

3.     A true and correct copy of an abandoned "Pomodoro San Marzano Dell'Agro Sarnese-Nocerino" trademark application by the Consorzio di Tutela Del Pomodoro S. Marzano Dell'Agro Sarnese-Nocerino (Serial No. 85581273), disclaiming any right to use the mark "Pomodoro San Marzano" apart from the mark as shown (submitted under F.R.E. 201, and introduced through Tyler Decl. ¶ 3, Exhibit "B");

4.     A true and correct copy of Cento's San Marzano original certification and traceability documentation from Agri-Cert, in Italian (submitted under the incorporation by reference doctrine, and introduced through the Declaration of Patrick M. Ciccotelli ("Ciccotelli Decl."), ¶ 3, Exhibit "A");

5.     A true and correct copy of the product label of the Cento San Marzano Certified Peeled Tomatoes, utilized at all times relevant to this lawsuit (submitted under F.R.E. 201, and introduced through Ciccotelli Decl. ¶ 4, Exhibit "B"); and

6.     A true and correct copy of the Agri-Cert documentation translated into English (and including the Translation Affidavit of Daniel Rowden and introduced through Tyler Decl. ¶ 4, Exhibit "C").

1    **IV.    STANDARDS GOVERNING THIS MOTION**

2        **A.    Rule 12(b)(6) and Rule 9(b) Pleading Standard**

3        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to

4    state a claim upon which relief can be granted 'tests the legal sufficiency of a

5    claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir.

6    2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  A court must assess

7    whether the complaint contains "sufficient factual matter, accepted as true, 'to state a

8    claim to relief that is plausible on its face.'" *Chavez v. United States*, 683 F.3d 1102,

9    1108 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

10   "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11   court to draw the reasonable inference that the defendant is liable for the misconduct

12   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Courts are not,

13   however, "bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

14   Similarly, courts need not "accept as true allegations that contradict matters properly

15   subject to judicial notice[.]" *In re Gilead Scis. Sec. Litig.*, 526 F.3d 1049, 1055 (9th Cir.

16   2008).  "Dismissal can be based on the lack of a cognizable legal theory or the absence

17   of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police

18   Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

19       Plaintiffs acknowledge that the heightened pleading standards of Fed. R. Civ. P.

20   9(b) apply to their entire Complaint. (*Id.* ¶ 70). The Ninth Circuit has specifically held

21   that Rule 9(b) applies to claims for violation of the UCL, FAL, or CLRA that are

22   grounded in fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  "In

23   alleging fraud or mistake, a party must state with particularity the circumstances

24   constituting fraud or mistake." *See* Fed. R. Civ. P. 9(b).  To satisfy the pleading

25   requirements of Rule 9(b), a complaint must plead "the who, what, when, where, and

26   how" of the misconduct charged.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

27   In addition, the allegation "must set forth what is false or misleading about a statement,

28

DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS

and *why* it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (emphasis added).

### B.      Rule 12(b)(1)

While lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Once a defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 U.S. Dist. LEXIS 53148, at *9 (N.D. Cal. Apr. 19, 2016) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010)).

### C.      Rule 12(b)(2)

Under Rule 12(b)(2), a defendant may be dismissed if the court lacks personal jurisdiction over it. Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over parties, looking to the state's long arm statute regarding service of summons. Fed. Rule Civ. Proc. 4(k)(1)(A); *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014). California's long-arm statute, in turn, permits exercise of personal jurisdiction to the full extent permitted by federal due process. *Id.*; *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). The party filing the complaint bears the burden to establish jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

## V.      PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON THE PRODUCTS' GROWING REGION

Plaintiffs' first of two principal alleged misrepresentations in this case is that not all of Defendant's Products are grown in the Agro Sarnese-Nocerino, the acceptable region for growing authentic San Marzano tomatoes. Because they fall woefully short of plausibly alleging that the Products they personally purchased come from an unaccepted or improper region, this first allegation lacks the factual support necessary to sustain a

claim for relief.  Further, that the Complaint lacks *any factual allegations* that tie Cento's general farming operations to any other area than that which it advertises makes clear that the claims based on this premise are ripe for dismissal.

Under the UCL's "fraudulent" prong, Plaintiffs must allege with specificity that Defendant's alleged misrepresentations: (1) were relied upon by the named plaintiffs; (2) were material; (3) influenced the named plaintiffs' decision to purchase the product; and (4) were likely to deceive members of the public.  *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1041 (N.D. Cal. 2012).  As an initial matter, Plaintiffs allege that they made their purchasing decisions based upon the "Certified" statement on the Product label – and no other label statement.  (Complaint, ¶¶ 55-56, 60, 62, 67).  They do not allege reliance on any label statement concerning where the Products are grown.  Accordingly, they cannot pursue any claim arising from an alleged misrepresentation as to the Product's growing location.  *See Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1208 (N.D. Cal. 2017) ("To prevail on their causes of action under the UCL, FAL, and the CLRA, Plaintiffs must demonstrate that they actually relied on the challenged misrepresentations…").

However, even if Plaintiffs had alleged that they personally relied on representations about where the Products are grown, they fail to provide the "who, what, when, where and how" of establishing that the Products they personally purchased were not grown in the Agro Sarnese-Nocerino area.   Plaintiffs fail to allege the "what" because, despite alleging that persons can visit Defendant's website and enter a tomato can's lot number to find the growing location, they do not allege that they have personally done so with respect to their purchased Products.  Nor do they allege what lot numbers were on the Products they purchased.  Nor have they alleged *any* specific Product that was grown in a purportedly unacceptable location.

Plaintiffs' failure to identify a lot number (and as to Mr. Snarr and Mr. Duca, a date of purchase as well) also results in a failure to provide Defendant with adequate notice of the "when." *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (claims

sounding in fraud must allege "an account of the time, place and specific content of the false representations…").  Most glaringly, Plaintiffs fail to allege the "where" and "how": they do not plead any facts attempting to allege where Cento's farms are located if not in the Agro Sarnese-Nocerino – a fact critical to their claim that the Products are not grown in the proper region.  Given that Plaintiffs admit that it is just as possible that the Products *are* indeed grown in the Agro-Sarnese Nocerino, *see* Complaint ¶ 42, they fall far short of plausibly alleging under Rule 8 – let alone alleging with particularity under Rule 9(b) – that Defendant has fraudulently advertised the Products' growing location. Accordingly, because they do not provide any plausible factual basis for their conclusory allegation that the Products *they personally purchased* were grown in an improper region, any claim for relief based on these conclusory allegations must fail.

## VI.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON THE PRODUCTS' CERTIFICATION

Plaintiffs' second principal allegation is that only the Consortium—and no other entity of any sort—can certify tomatoes as San Marzano, and that all San Marzano tomato products sold in the United States must accordingly bear the Consortium's D.O.P. marking.  This claim also fails because Plaintiffs allege no facts that plausibly support this conclusory assertion.

First, Plaintiffs do not provide any legal authority whatsoever establishing that only the Consortium can certify tomatoes as San Marzano, and that such products must have their D.O.P. marking.  Plaintiffs point to no federal law or regulation of any sort – from the FDA, USDA, or otherwise – establishing that the Consortium is the only acceptable San Marzano certifier for sales of tomatoes in the United States.  Nor do they allege any facts establishing the Consortium's singular authority on San Marzano certification from Italy or the European Union ("EU").[3]  Failing to allege what type of organization the Consortium is (a government board, a trade association, or something else), Plaintiffs also fail to allege any facts establishing *why* "[t]hird-party companies are not authorized to

---

[3] Similarly, Plaintiffs do not allege that Defendant's certification contradicts or violates any law, regulation, or standard set forth by the United States, Italy, or the EU.

CALL &
JENSEN

1   certify 'San Marzano' tomatoes, as that ability is reserved for the Consortium alone."

2   (Complaint, ¶ 40).  This completely conclusory and unsupported allegation is insufficient

3   to sustain a plausible path to relief.

4        Second, Plaintiffs fail to allege *how* they personally were (or how a reasonable

5   consumer could be) misled by the "Certified" statement.  Citing Defendant's website,

6   Plaintiffs acknowledge that Defendant's Products are "certified by a third party."  (*Id.* ¶

7   39).  Defendant's website expressly states the name of its certifier: "[a]n independent

8   third party, Agri-Cert, certifies that our Cento Certified San Marzano Tomatoes are

9   produced with the proper, traditional method to ensure superior quality and authenticity."

10  *See Peacock v. The 21st Amendment Brewery Café, LLC*, No. 17-cv-01918-JST, 2018

11  U.S. Dist. LEXIS 7537, at *6, 12-13 (N.D. Cal. Jan. 17, 2018) (taking judicial notice of

12  defendant's website pages and dismissing certain claims because "the 21st Amendment

13  website affirmatively states that it brews beer in Minnesota.").

14       Here, Plaintiffs cite Defendant's website and attack the validity of Defendant's

15  certification with no factual support.  As such, the Court can take judicial notice of

16  Cento's San Marzano certification by Agri-Cert. (Ciccotelli Decl. ¶ 3, Exhibit "A"; *see*

17  English translation at Tyler Decl. ¶ 4, Exhibit "C").[4]  *Swartz*, 476 F.3d at 763 (holding

18  that the incorporation by reference doctrine is designed "to prevent plaintiffs from

19  surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their

20  claims are based.").  The certification itself indicates that the 25 fields for the 2018

21  growing season were audited to confirm compliance "of the growing of the Kiros and San

22  Marzano 2 varieties of tomatoes in the fields up to their processing into peeled tomatoes."

23  (*Id.* at pg. 1).  All 25 fields in operation in 2018 are verifiably located in the Agro Sarnese-

24  Nocerino area.  (*Id.* at pg. 3).

25

26

27  [4]  The certification covers Cento's production process from seed to farm to can, and
    establishes that Cento's Products are verifiably produced according to the standards that
    Plaintiffs claim influence purchasing decisions.  However, Defendant submits that the
28  Court can simply take judicial notice that the certification exists – and that as a result, the
    Products *are* certified.

Because Defendant expressly states the name of its San Marzano certifier on its website, because Defendant does not use the "D.O.P." markings on its label, and because the Products *are* certified, Plaintiffs fail to plausibly allege how they were personally misled by the "Certified" label claim on the Products or how "members of the public are likely to be deceived" into believing that the Products are certified by the Consortium. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Third, records from the United States Patent and Trademark Office ("USPTO") establish that the Consortium has no current exclusive right, and has *never* enjoyed the exclusive right, to mark "San Marzano" on tomato products in the United States. In 2012, the Consortium applied for but later abandoned, mid-application, a trademark for "Pomodoro San Marzano Dell'Agro Sarnese-Nocerino." (Tyler Decl. ¶ 3, Exhibit "B"). 15 U.S.C. § 1051(d); 37 C.F.R. § 2.65(c). Even if the application was eventually registered (which it wasn't), the USPTO application that the Consortium abandoned explicitly excluded any exclusive rights to use "Pomodoro S. Marzano" in advertising, indicating that the Consortium does not hold (and never claimed to hold) a monopoly on "San Marzano" advertising in the United States. (*Id.*). Indeed, the time in which the Consortium could revive its application has long passed. 37 C.F.R. § 2.66. On the other hand, the USPTO has *issued* a registered trademark to Cento for the "San Marzano" word-and-design mark currently used on the Products. (Tyler Decl. ¶ 2, Exhibit "A"). Consequently, *if* any party enjoys a greater right to mark its tomatoes as "San Marzano" in the United States, it is Defendant – due to its valid certification and trademark rights.

It is clear that Defendant's Products are not certified by the Consortium and do not carry the "D.O.P." mark on its label. That the Consortium's D.O.P. marking is not used by Cento for certification purposes does not make the Products somehow not certified. Plaintiffs' conclusory assertion that San Marzano tomatoes can only be marked "D.O.P." and certified by the Consortium fails as a matter of law. Even if the Court determined that these claims sufficed under ordinary pleading standards, they do not satisfy Rule 9(b). *Maeda v. Pinnacle Foods Inc.*, No. 18-00459 JAO-RLP, 2019 U.S. Dist. LEXIS

79105, at *32 (D. Haw. May 9, 2019).  Likewise, Plaintiffs fail to plausibly allege fraudulent activity based upon their reliance on the "Certified" label statement alone because the statement is true and Plaintiffs have not provided any specific facts supporting their theory that the statement constitutes a material misrepresentation. Therefore, all claims based upon the Products' certification should be dismissed.

## VII.   PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF

Notwithstanding the Ninth Circuit's recent decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), Plaintiffs fail to allege facts sufficient to confer Article III standing for injunctive relief.  Federal courts require plaintiffs to demonstrate three elements to establish "standing" to sue: (1) "injury in fact" that is "concrete and particularized" and "actual and imminent"; (2) the injury must be fairly traceable to defendant's conduct; and (3) the injury can be redressed through adjudication.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show personally that they have been injured, not that injury has been suffered by other, unidentified members of the class to which to they belong and to which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotations omitted).  Thus, Plaintiffs must plead valid claims "irrespective of the future class."  *Larsen v. Trader Joe's Co.,* No. C 11-01588-SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012).

In *Davidson*, the Ninth Circuit held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical[]' threat of future harm."  *Davidson*, 889 F.3d at 969 (quoting *Summers v Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  Examples of actual and imminent harm the *Davidson* court provided include cases where "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's

advertising or labeling in the future, and so will not purchase the product although she would like to," and where "the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson*, 889 F.3d at 969-70.

In this case, Plaintiffs' singular allegation that they "would continue to purchase the Products in the future" falls far short of having alleged imminent harm. (Complaint, ¶¶ 56, 63, 69). Plaintiffs even place an important caveat on such a future purchase: "if [they] could rely upon the truthfulness of Defendant's labeling[.]" (*Id.*). Plaintiffs contend that in order to be a true San Marzano tomato, it can only be certified by the Consortium and marked "D.O.P." The definitiveness of these conclusions can only mean that Plaintiffs will not purchase, and are in no imminent danger of purchasing, Defendant's Products until they contain that exact certification marking by that particular certifier. Until then, Plaintiffs steadfastly believe that Defendant's Products are not truthfully labeled, and are therefore in no imminent danger of purchasing Defendant's Products. *See Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 U.S. Dist. LEXIS 194451, at *10-11 (N.D. Cal. Nov. 27, 2017)[5] (finding singular allegation that plaintiffs would purchase Kona beer if it was in fact brewed in Hawaii insufficient, even under *Davidson*, to establish standing for injunctive relief). That Plaintiffs "would" purchase the Products in the future under certain specific conditions does not equate to imminent danger. *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) ("The possibility that Plaintiff might be injured in the future by the alleged defect if he *potentially* repairs his watch is an insufficient allegation of future harm.") (emphasis in original). Plaintiffs simply do not plead the requisite plausible allegations necessary to satisfy the scenarios of future harm set forth in *Davidson*.

---

[5] The *Broomfield* court reviewed the Ninth Circuit's original *Davidson* opinion, issued on October 20, 2017. *See Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017), *modified by, rehearing, en banc denied by Davidson, supra.* The pertinent language and holding in the 2018 *Davidson* opinion provided above was not modified from the 2017 issuance.

CALL &
JENSEN

## VIII. PUTATIVE NONRESIDENTS' NATIONWIDE SUBCLASS CLAIMS SHOULD BE DISMISSED FOR LACK OF SPECIFIC JURISDICTION

Plaintiffs cannot pursue state claims on behalf of putative class members with no connection to the State of California. The United States Supreme Court recognizes two types of personal jurisdiction: "general" (or "all-purpose") jurisdiction and "specific" (or "case-linked") jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017). Courts with general jurisdiction may hear any claim against that defendant, even if all of the incidents underlying the asserted claim occurred in a different state. *Id.* at 1780. However, only a "limited set of affiliations with a forum will render a defendant amenable to general jurisdiction . . . ." *Id.* (internal quotation marks omitted). For a court to exercise specific jurisdiction, the suit must "aris[e] out of or relat[e] to" the defendant's contacts with the forum. *Id.* (alteration in original) (internal quotation marks omitted). Thus, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State…" *Id.* (alteration in original) (internal quotation marks omitted). Because Plaintiffs correctly allege that Defendant is a citizen only of New Jersey (and therefore concedes that it maintains its principal place of business there), it is not subject to general jurisdiction in California. *See Daimler AG*, 571 U.S. at 137 (recognizing that the paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business).

Where there is no connection between the controversy at issue and the activities taking place in the forum State, specific jurisdiction is lacking regardless of the extent of the unconnected activities. In *Bristol-Myers*, the Supreme Court held that the out-of-state plaintiffs could not establish specific jurisdiction over their claims by relying upon the fact that other, in-state plaintiffs in the case could establish specific jurisdiction. 137 S. Ct. at 1783. The Supreme Court held that each of the plaintiffs' claims must arise from the defendant's forum-related activities regardless of whether specific jurisdiction had been established by another claimant. *Id.* The Supreme Court explained that "[t]he mere

fact that *other* plaintiffs were prescribed, obtained, and ingested [the product] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1776. *Bristol-Myers* establishes that a nonresident plaintiff (like those comprising the putative nationwide subclass) cannot bring claims against another nonresident (like Cento) in a forum that has no nexus to the dispute between the nonresident plaintiffs and the nonresident defendant, even if specific jurisdiction exists as to claims asserted by the California resident plaintiffs. *See In re Samsung Galaxy Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 U.S. Dist. LEXIS 54850, at *8 (N.D. Cal. Mar. 30, 2018) (dismissing Maryland plaintiff's claims brought against company headquartered and incorporated in Korea, New Jersey, and New York); *Morrison v. Ross Stores, Inc.*, No. 18-cv-02671-YGR, 2018 U.S. Dist. LEXIS 194431, at *11 (N.D. Cal. Nov. 14, 2018) (dismissing a Missouri plaintiff's claims brought against a North Carolina company). Therefore, the claims of any nonresident putative class members should be dismissed.

## IX.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM FOR UNJUST ENRICHMENT

Plaintiffs' nationwide claim for unjust enrichment not only fails for the personal jurisdiction reasons argued above, but because they do not identify the applicable law. As this Court and other courts in this district have recognized, "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) (citation omitted); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 2018 U.S. Dist. LEXIS 54850, at *13 (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F.Supp.2d 955, 966 (N.D. Cal. 2011) ("Several other courts in this district have similarly held that a plaintiff must specify the state under which it brings an unjust enrichment claim.").

## X.   PLAINTIFFS CANNOT STATE ANY CLAIM BASED ON CONDUCT OCCURRING OUTSIDE THE APPLICABLE STATUTES OF LIMITATION

Plaintiffs do not attempt to calculate the applicable statute of limitations period applicable to their own lawsuit, requiring the Court or Defendant to perform this work for them.  (Complaint, ¶ 77).  The front end of the class period is limited by the applicable statute of limitations.  *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal 2010).  The UCL and breach of warranty claims are subject to a four-year statute of limitations.  Cal. Bus. & Prof. Code § 17208 (UCL); *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 642 (2003).  The statute of limitations for CLRA and FAL claims is three years.  *Yumul*, 733 F. Supp. 2d at 1130.  Plaintiffs make no effort whatsoever to plead any basis for equitable tolling.  Accordingly, the Complaint fails to state any claim based on conduct occurring outside the applicable statutes of limitations, and the Court should dismiss all such claims.  *Id.* at 1133 (because the plaintiff failed to plead facts sufficient to establish tolling under the delayed discovery rule or the fraudulent concealment rule, "the court dismisses [plaintiff's] complaint to the extent it alleges conduct occurring outside the relevant statutes of limitations"); *Keilholtz v. Lennox Hearth Products, Inc.*, No. C 08-00836 CW, 2009 WL 2905960, at *4 (N.D. Cal. Sep. 8, 2009) (because plaintiffs failed to plead facts establishing any basis for tolling, their "CLRA claims arising outside of the three-year statute of limitations, UCL claims arising outside of the four-year statute of limitations, and unjust enrichment claims arising outside of the three-year statute of limitations are dismissed").

## XII.  CONCLUSION

Plaintiffs filed this lawsuit without conducting any reasonable inquiry and deliberately omitted exculpatory documentation.  Plaintiffs should feel relieved that the Products they purchased are exactly as advertised – San Marzano tomatoes – but their lack of investigation and baseless allegations in this lawsuit requires an equally quick dismissal.  All of Plaintiffs' allegations are stunningly inadequate and implausible, and

they accordingly fail to state a claim for each and every cause of action pled. The Complaint should be dismissed in its entirety with prejudice, as no amount of re-pleading could resurrect this inevitably fatal result.

Dated:  June 28, 2019                     CALL & JENSEN
                                          A Professional Corporation
                                          Matthew R. Orr
                                          William P. Cole

                                          By:*/s/ William P. Cole*
                                               William P. Cole

                                          Appearance *Pro Hac Vice:*
                                          AMIN TALATI WASSERMAN, LLP
                                          Sanjay S. Karnik
                                          Daniel S. Tyler

                                          By: */s/ Daniel S. Tyler*
                                               Daniel S. Tyler
                                               Appearance *Pro Hac Vice*

                                          Attorneys for Defendant Cento Fine Foods, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, I electronically filed the foregoing document described as **DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF System, which will send notification of such filing via electronic mail to all counsel of record.

By: */s/ Daniel S. Tyler*
Daniel S. Tyler
Appearance *Pro Hac Vice*