Matthew R. Orr, Bar No. 211097
  morr@calljensen.com
William P. Cole, Bar No. 186772
  wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Appearance *Pro Hac Vice:*
Sanjay S. Karnik, Illinois Bar No. 6300156
  sanjay@amintalati.com
Daniel S. Tyler, Illinois Bar No. 6315798
  daniel@amintalati.com
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Tel:   (312) 784-1061
Fax:   (312) 884-7352

Attorneys for Defendant Cento Fine Foods, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK SNARR, J. MICHAEL DUCA, and CANDACE GOULETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTO FINE FOODS INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.  4:19-cv-02627-HSG<br><br><br>**DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO**<br>**Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 12(b)(2)**<br><br>Date:  December 5, 2019<br>Time: 2:00p.m.<br>Place:  Courtroom 2, Oakland<br><br>Civil Action Filed:  May 14, 2019<br>Trial Date:  None Set<br><br>Hon. Haywood S. Gilliam, Jr. |

**TO THE COURT, ALL PARTIES AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on **December 5, 2019 at 2:00 p.m.** or as soon thereafter as may be heard by the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 in the Oakland Division of this Court, Defendant Cento Fine Foods, Inc. ("Defendant" or "Cento") will, and hereby does, move the Court for an order granting Cento's motion to dismiss.

This motion is made pursuant to Rule 8, 9(b), 12(b)(6), 12(b)(1), and 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' Amended Complaint fails to state a claim for relief and suffers fatal jurisdictional and procedural defects. For these reasons, the Court should dismiss the Amended Complaint in its entirety, with prejudice.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, request for judicial notice, the pleadings and files in this action, and such other matters as may be presented at or before the hearing.

Dated: August 5, 2019

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole

By:*/s/ William P. Cole*
      William P. Cole

Appearance *Pro Hac Vice:*
AMIN TALATI WASSERMAN, LLP
Sanjay S. Karnik
Daniel S. Tyler

By: */s/ Daniel S. Tyler*
      Daniel S. Tyler

Attorneys for Defendant Cento Fine Foods, Inc.

# TABLE OF CONTENTS

Page

I.      INTRODUCTION……………………………………………………...2

II.     THE COMPLAINT……………………………………………………4

        A.      San Marzano Tomatoes and Certification…………………………4

        B.      Individual and Class Allegations……………………………………5

III.    DEFENDANT'S CERTIFICATIONS AND GROWING LOCATIONS………...6

        A.      Evidence Outside the Pleadings……………………………………6

        B.      Requests for Judicial Notice………………………………………7

IV.     STANDARDS GOVERNING THIS MOTION…………………………………8

        A.      Rule 12(b)(6) and Rule 9(b) Pleading Standard……………………8

        B.      Rule 12(b)(1) ………………………………..……………………9

        C.      Rule 12(b)(2) ………………………………..……………………9

V.      PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON THE PRODUCTS' GROWING REGION……………………………………10

VI.     PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON THE PRODUCTS' CERTIFICATION……………………………………11

VII.    PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF…………14

VIII.   PUTATIVE NONRESIDENTS' NATIONWIDE SUBCLASS CLAIMS SHOULD BE DISMISSED FOR LACK OF SPECIFIC JURISDICTION………...16

IX.     PLAINTIFFS' CLRA CLAIMS MUST BE DISMISSED FOR FAILING TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE ACT ………...…18

X.      PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM FOR UNJUST ENRICHMENT.…………………………………………………...19

XI.     PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM FOR BREACH OF EXPRESS WARRANTY.………………………………………………20

XII.   THE AMENDED COMPLAINT DOES NOT ALLEGE FACTS TO SUPPORT A FINDING THAT LEGAL REMEDIES ARE INADEQUATE…………………..22

XIII.  PLAINTIFFS CANNOT STATE ANY CLAIM BASED ON CONDUCT OCCURRING OUTSIDE THE APPLICABLE STATUTES OF LIMITATION...……………………………………………………………....22

XIV.  CONCLUSION…....………………………………………………………..23

DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page

**<u>FEDERAL CASES</u>**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................. 8

*Astiana v. Hain Celestial Grp., Inc.,*
   783 F.3d 753 (9th Cir. 2015) ..................................................... 20

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ..................................................... 8

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................. 8

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008) ................................................... 10

*Bristol-Myers Squibb Co. v. Superior Court,*
   137 S. Ct. 1773 (2017) ......................................................... 16, 17

*Broomfield v. Craft Brew Alliance, Inc.,*
   2017 U.S. Dist. LEXIS 194451 (N.D. Cal. Nov. 27, 2017) ....................................... 16

*Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
   637 F.3d 1047 (9th Cir. 2011) ..................................................... 9

*Chandler v. State Farm Mut. Auto. Ins. Co.,*
   598 F.3d 1115 (9th Cir. 2010) ..................................................... 9

*Chavez v. United States,*
   683 F.3d 1102 (9th Cir. 2012) ..................................................... 8

*Conservation Force v. Salazar,*
   646 F.3d 1240 (9th Cir. 2011) ..................................................... 8

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir. 1997) ........................................................................... 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................... 9, 17

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ............................................................ 14, 15, 16

*ESG Capital Partners, LP v. Stratos*,
   828 F.3d 1023 (9th Cir. 2016) ...................................................................... 20

*Evans v. DSW, Inc.*,
   2017 U.S. Dist. LEXIS 216614 (C.D. Cal. Sept. 14, 2017) ........................... 21

*In re Actimmune Mktg. Litig.*,
   2009 U.S. Dist. LEXIS 103408 (N.D. Cal. Nov. 6, 2009) ............................. 20

*In re Apple In-App Purchase Litig.*,
   855 F. Supp. 2d 1030 (N.D. Cal. 2012) ........................................................ 10

*In re Gilead Scis. Sec. Litig.*,
   526 F.3d 1049 (9th Cir. 2008) ........................................................................ 8

*In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*,
   2017 U.S. Dist. LEXIS 174394 (C.D. Cal. Oct. 10, 2017) ............................ 20

*In re Samsung Galaxy Mktg. & Sales Practices Litig.*,
   2018 U.S. Dist. LEXIS 54850 (N.D. Cal. Mar. 30, 2018) ............................. 17

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................ 9

*Keilholtz v. Lennox Hearth Products, Inc.*,
   2009 WL 2905960 (N.D. Cal. Sep. 8, 2009) ................................................. 23

CALL &
JENSEN

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ........................................................................... 6

*Larsen v. Trader Joe's Co.*,
   2012 WL 5458396 (N.D. Cal. June 14, 2012) ................................................ 15

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ............................................................................ 7

*Letizia v. Facebook Inc.*,
   267 F. Supp. 3d 1235 (N.D. Cal. 2017)............................................................ 7

*Lewis v. Casey,*
   518 U.S. 343 (1996) ........................................................................................ 15

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................ 15

*Maeda v. Pinnacle Foods Inc.*,
   2019 U.S. Dist. LEXIS 79105 (D. Haw. May 9, 2019) .................................. 14

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) .......................................................................... 9

*Morrison v. Ross Stores, Inc.*,
   2018 U.S. Dist. LEXIS 194431 (N.D. Cal. Nov. 14, 2018)............................. 18

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................................ 8

*Peacock v. The 21st Amendment Brewery Café, LLC*,
   2018 U.S. Dist. LEXIS 7537 (N.D. Cal. Jan. 17, 2018) ........................... 12, 19

*Phillips v. Apple Inc.*,
   2016 U.S. Dist. LEXIS 53148 (N.D. Cal. Apr. 19, 2016)................................ 9

*Romero v. Flowers Bakeries, LLC*,
  2016 U.S. Dist. LEXIS 15868 (N.D. Cal. Feb. 8, 2016)............................................20

*Ruzecki, Et al. v. Nelson Bach USA LTD.*
  2015 U.S. Dist. LEXIS 151946 (S.D. Cal. June 25, 2015) ...................................18, 19

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
  2016 WL 7486600 (C.D. Cal. Sept. 27, 2016)........................................................22

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009).......................................................................21

*Sciacca v. Apple, Inc.*,
  362 F. Supp. 3d 787 (N.D. Cal. 2019).......................................................................16

*Sebastian v. Kimberly-Clark Corp.*,
  U.S. Dist. LEXIS 208544 (S.D. Cal. Dec. 18, 2017) ...............................................19

*Summers v Earth Island Inst.*,
  555 U.S. 488 (2009) ..................................................................................................15

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..............................................................................11, 13

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ......................................................................................6

*Victor v. R.C. Bigelow, Inc.*,
  2014 U.S. Dist. LEXIS 34550 (N.D. Cal. March 14, 2014) .....................................19

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) .....................................................................................13

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) ...................................................................................10

*Wilson v. Frito-Lay N. Am., Inc.*,
  260 F. Supp. 3d 1202 (N.D. Cal. 2017)........................................................................10

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal 2010)..................................................................22, 23

*Zapata Fonseca v. Goya Foods Inc.*,
  2016 WL 4698942 (N.D. Cal. Sept. 8, 2016)...........................................................22

## STATE CASES

*Goonewardene v. ADP, LLC*,
  5 Cal. App. 5th 154 (Ct. App. 2016) ........................................................................10

*Lectrodryer v. Seoul Bank*,
  77 Cal. App. 4th 723 (2000) .....................................................................................20

*Mills v. Forestex Co.*,
  108 Cal. App. 4th 625 (2003) ...................................................................................23

*Outboard Marine Corp. v. Superior Court*,
  52 Cal. App. 30 (Cal. Ct. App. 1975).......................................................................18

## STATE STATUTES

Cal. Bus. & Prof. Code § 17208 .................................................................................22
Cal. Bus. & Prof. Code §§ 1750 ...................................................................................6
Cal. Bus. Prof. Code §§ 17200......................................................................................6
Cal. Civ. Code §§ 1750 ..................................................................................................6
Cal. Civ. Code §§ 1782 ............................................................................................1,18
Cal. Com. Code § 2607(3)(A)......................................................................................21

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(1)...............................................................................................10
Fed. R. Civ. P. 12(b)(2)...............................................................................................11

Fed. R. Civ. P. 12(b)(6) ................................................................................ 9, 10, 15

Fed. R. Civ. P. 8 ........................................................................................................ 1

Fed. R. Civ. P. 9(b) ............................................................................... 1, 10, 16, 24

Fed. R. Evid. 201 .................................................................................................. 7, 8

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................................... 11

**FEDERAL REGULATIONS**

37 C.F.R. § 2.65(c) ................................................................................................ 13

37 C.F.R. § 2.66 .................................................................................................... 14

**FEDERAL STATUTES**

15 U.S.C. § 1051(d) .............................................................................................. 13

CALL&
JENSEN

### STATEMENT OF THE ISSUES TO BE DECIDED PER L.R. 7-4(A)(3)

1. **_Growing Location._** Whether Plaintiffs have alleged plausibly and with particularly, under Fed. R. Civ. P. 8 and 9(b), that the Cento San Marzano Certified Peeled Tomatoes they personally purchased were not grown in the accepted region for the growth of San Marzano tomatoes.

2. **_"Certified" Statement and "D.O.P." Marking._** Whether Plaintiffs have alleged plausibly and with particularly, under Fed. R. Civ. P. 8 and 9(b), that the "Consortium" is the only entity which can certify a San Marzano tomato for sales in the United States, and that San Marzano tomatoes sold in the United States must have a "D.O.P." marking.

3. **_Standing (Injunctive Relief)._** Whether Plaintiffs have Article III standing to seek injunctive relief by having plausibly alleged future injury.

4. **_Personal Jurisdiction._** Whether specific jurisdiction exists over Defendant with respect to class claims by nonresident putative class members.

5. **_CLRA (Notice)._** Whether Plaintiffs provided sufficient notice of alleged unlawful defects, acts or practices as required by the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1782.

6. **_Unjust Enrichment._** Whether Plaintiffs have alleged plausibly and with particularly, under Fed. R. Civ. P. 8 and 9(b), a claim for unjust enrichment under California law.

7. **_Breach of Express Warranty_**. Whether Plaintiffs have alleged plausibly and with particularly, under Fed. R. Civ. P. 8 and 9(b), a multi-state claim for breach of express warranty.

8. **_Adequacy of Legal Remedies._** Whether Plaintiffs have alleged facts supporting a finding that legal remedies are inadequate.

9. **_Statute of Limitations._** Whether Plaintiffs state a claim for any conduct occurring outside the applicable statute of limitations.

_///_

_///_

DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

At bar, Plaintiffs bring a creative, albeit baseless, variant of a typical "country of origin" putative class action.  Plaintiffs contend, without legal support, that "true" San Marzano tomatoes must not only be grown in a very specific region of Southern Italy, but must also be certified by a singular certifying body; namely, a group called the "Consortium."  Plaintiffs admit that Cento's San Marzano Certified Peeled Tomatoes (the "Products") are grown in southern Italy and, in fact, concede that they largely, if not entirely, comply with the regional growth requirement.  As such, this is not a typical "country of origin" action, where a product is made from ingredients sourced from another country or is not made in the country that its label suggests.

Instead, Plaintiffs equivocate by alleging that it's possible that certain of Cento's Products may not have been grown in the unilaterally dictated region for San Marzano tomato growth.  Notably, Plaintiffs do not allege that the tomatoes they purchased were not grown in the specified region.  Where this case truly differs from a typical "country of origin" case, however, is in Plaintiffs' apparent contention, again, bereft of authority, that a San Marzano tomato is ultimately determined by which "certifying body" affixes a stamp to the end product.  By way of example: take two tomatoes grown from the same seed, planted in the exact same region, under the exact same circumstances and, in fact, grown from the exact same plant.  One tomato is canned by a company that bears a D.O.P. stamp on its label and the other is canned by a competitor bearing a different certification stamp.  According to Plaintiffs, one tomato is a San Marzano and the other is not.

The Amended Complaint should be dismissed for several reasons.  First, Plaintiffs fail to plausibly allege that the Cento Products they purchased were not grown in the only region they claim San Marzano tomatoes can come from.  Plaintiffs fail to allege that the images comparing the Cento San Marzano Products to a D.O.P.-certified brand comport with or even relate to their purchases.  There are no factual connections whatsoever raised between these images and Plaintiffs' own purported purchases.  Additionally, despite

DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS

alleging facts demonstrating that they could have tracked the exact location and farm of their alleged purchases, Plaintiffs do not contend that they performed this task or otherwise discovered that the Products they purchased were not grown in the Agro Sarnese-Nocerino area of southern Italy.

Second, Plaintiffs fail to plausibly allege any facts demonstrating that only the Consortium, with its "D.O.P." marking, can certify San Marzano tomatoes.  They do not cite any relevant or applicable legal or industry authority to claim that the Consortium's "D.O.P." marking is the only acceptable San Marzano tomato certification in the United States, or that Defendant's certification is somehow not acceptable.  Plaintiffs do not allege that any authority deems what may or may not be designated as "San Marzano" tomatoes in the United States, or any regulation that Cento has violated that would make Cento's advertising or labeling misleading or illegal.  Indeed, given the statements contained on portions of Defendant's website (raised by the Plaintiffs) and documents incorporated by reference establishing that the Products are indeed certified (and explaining exactly what that certification means), Plaintiffs fail to plausibly allege that their reliance on the "Certified" statement alone constitutes a material misrepresentation.

Third, Plaintiffs have not adequately alleged that they are in imminent harm of future injury, and therefore lack Article III standing to seek injunctive relief.

Fourth, all putative class claims of nonresidents must be dismissed for lack of specific jurisdiction.

Fifth, Plaintiffs failed to provide sufficient notice of their claims as the CLRA requires.

Sixth, Plaintiffs fail to plausibly allege a claim for unjust enrichment.

Seventh, Plaintiffs fail to state a multi-state class claim for breach of express warranty.

Eighth, Plaintiffs cannot seek equitable remedies because they cannot establish that the legal remedies they seek are inadequate.

1    Ninth, Plaintiffs fail to state a claim for any conduct occurring outside the
2    applicable statute of limitations.

3    For these reasons, explained more fully below, Plaintiffs' Complaint must be
4    dismissed in its entirety, with prejudice.

5    **II.    THE COMPLAINT**

6         **A.    San Marzano Tomatoes and Certification**

7    Plaintiffs allege that "reasonable consumers purchase San Marzano tomatoes
8    believing they possess the attributes of authentic, certified San Marzano tomatoes." (Dkt.
9    No. 39, Amended Complaint, ¶ 4). Plaintiffs contend "Defendants seek to take advantage
10   of the premium placed on real San Marzano tomatoes by specifically labeling its tomato
11   products as if they were San Marzano tomatoes grown in the Agro Sarnese-Nocerino in
12   Italy." (*Id.* ¶ 8). Plaintiffs allege that "[t]omatoes not grown in the Agro Sarnese-
13   Nocerino are believed to lack the superior look and taste of San Marzano tomatoes and
14   are thought to suffer from an absence of southern Italy's nutrient-rich volcanic soil and
15   the lack of the abundant sunshine and warmth provided by the southern Italian climate."
16   (*Id.* ¶ 22). Plaintiffs claim, with no factual or legal support, that a group called "the
17   Consortium" is the only entity which can certify and approve a San Marzano tomato. (*Id.*
18   ¶¶ 23-24). Plaintiffs do not provide the full name of this group or identify the country in
19   which they operate or enjoy such a status. Similarly, Plaintiffs contend with no
20   supporting facts that "[a]uthentic San Marzano tomatoes must have a Denominazione di
21   Origine Protetta ('D.O.P.') marking, certifying that the tomato was grown in the correct
22   region and according to the correct specifications." (*Id.* ¶ 26).

23   Plaintiffs insert a handful of images into their Amended Complaint, purporting to
24   display physical differences between the Cento San Marzano Products and D.O.P.
25   certified brands. (*Id.* ¶¶ 39-43 (hereinafter "Comparison Images")). Plaintiffs do not
26   allege that they purchased the Cento Products displayed in the Comparison Images, nor
27   do they allege any injury based upon the Comparison Images. Plaintiffs contend that true
28   San Marzano tomatoes must display the drained weight on the label (but do not allege

CALL &
JENSEN

according to who), and that Cento's Products do not display the drained weight. (*Id.* ¶¶ 36-37). Notably, Plaintiffs do not assert that the D.O.P.-certified brands in the Comparison Images display the drained weight on their labels. Plaintiffs allege that the Agro Sarnese-Nocerino is the only area approved for growing San Marzano tomatoes. (*Id.* ¶ 45). Plaintiffs willfully mischaracterize the plain words and images contained on Cento's label regarding where the Cento Products are grown. Plaintiffs allege that Defendants attempt to confuse consumers by claiming that the Products are grown in the Campania region of Italy, but Cento's label clearly states that they are "grown in the Sarnese Nocerino area of Italy[.]" (*Compare id.* ¶¶ 48, 66, 93 *with* Ciccotelli Decl. ¶ 4, Exhibit "B"). Plaintiffs acknowledge that the Products are certified by a third party, but conclusorily assert that the authority to certify San Marzano tomatoes rests with the Consortium alone. (Amended Complaint, ¶ 57-58[1]).

### B.   Individual and Class Allegations

Plaintiff Derek Snarr purchased the Products beginning in or around 2013, roughly twice per month. (*Id.* ¶ 74). Mr. Snarr alleges that he relied upon the "Certified" marking on Defendant's Products. (*Id.* ¶ 76). Plaintiff J. Michael Duca alleges that he "has been aware of the issue with fake San Marzano tomatoes in the United States for several years[,]" *id.* ¶ 80, and that he similarly "relied on the 'Certified' marking to ensure he was purchasing authentic San Marzano tomatoes." (*Id.* ¶ 81). Plaintiff Candace Goulette also only relied on the "Certified" marking of Defendant's product when making her purchasing decision. (*Id.* ¶¶ 89-90). All Plaintiffs allege that if they "could rely upon the truthfulness of Defendant's labeling, [they] would continue to purchase the Products in the future." (*Id.* ¶¶ 77, 84, 90). None of the individual Plaintiffs allege the price they paid for their alleged purchases of the Products.

Plaintiffs appear to primarily allege: (1) that "Defendant attempts to confuse consumers by stating that its tomatoes are grown in the Campania region of Italy, when

---

[1] *See* https://www.cento.com/support/faq.php (last visited August 5, 2019) (¶ 57 of Amended Complaint).

1    it knows they are not grown in the Agro Sarnese-Nocerino[;]" and (2) that San Marzano

2    tomatoes "must" have a D.O.P. marking.  (*Id.* ¶ 93).  Plaintiffs seek to certify a California

3    class and a multi-state class of all persons who purchased Defendant's Products "within

4    the applicable statute of limitations period."  (*Id.* ¶ 98).  Plaintiffs bring California class

5    claims under the California Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200, *et*

6    *seq.* ("UCL"), specifically restitution [Count I]; the California Consumers Legal

7    Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA") [Count II]; the California False

8    Advertising Law, Cal. Bus. & Prof. Code §§ 1750, *et seq.* ("FAL") [Count III]; and for

9    unjust enrichment [Count IV].  Plaintiffs also bring a multi-state class claim for breach

10   of express warranty [Count V].

## III.   DEFENDANT'S CERTIFICATIONS AND GROWING LOCATIONS

12        "San Marzano" describes a variety of tomatoes obtained from vines located in the

13   Agro Sarnese-Nocerino area of Italy, near the base of Mount Vesuvius.  The term "San

14   Marzano" itself is not the exclusive property of any tomato producer, any more than the

15   term "Ribeye" is exclusively protectable in the beef industry.  Cento's Products follow,

16   and indeed exceed, industry standards for the cultivation of authentic San Marzano

17   tomatoes.  Cento's farming operations are certified by a European Union recognized,

18   third-party auditor and its source tomatoes are grown in the Agro Sarnese-Nocerino area

19   of Italy – exactly where Cento advertises that they are grown.   This is clearly

20   demonstrable, and Plaintiffs have made no factual allegations (only conspiratorial

21   conclusions) to support their claims.

### A.    Evidence Outside the Pleadings

23        A court may consider certain evidence and materials outside the pleading –

24   "documents attached to the complaint, documents incorporated by reference in the

25   complaint, or matters of judicial notice – without converting the motion to dismiss into a

26   motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

27   2003). "[A] defendant may seek to incorporate a document into the complaint 'if the

28   plaintiff refers extensively to the document or the document forms the basis of the

plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Ritchie*, 342 F.3d at 907).

The Court may take judicial notice of a matter or fact when it is "not subject to reasonable dispute" because it is either (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. Under the incorporation by reference doctrine, a court may consider a document extrinsic to the complaint if the document's "authenticity is not contested and the plaintiff's complaint necessarily relies on [it]." *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1241 (N.D. Cal. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

### B.    Requests for Judicial Notice

Defendant requests that the Court, under Rule 201 or the incorporation by reference doctrine, take judicial notice of the following evidence outside the pleadings:

1.    Statements contained on Defendant's Frequently Asked Questions page of its website (*see* link at n.2, above) (submitted under F.R.E. 201 and the incorporation by reference doctrine);

2.    A true and correct copy of Defendant's U.S. Trademark Reg. No. 3210945 for the "San Marzano" design plus words trademark (submitted under F.R.E. 201, and introduced through the Declaration of Daniel S. Tyler ("Tyler Decl."), ¶ 2, Exhibit "A");

3.    A true and correct copy of an abandoned "Pomodoro San Marzano Dell'Agro Sarnese-Nocerino" trademark application by the Consorzio di Tutela Del Pomodoro S. Marzano Dell'Agro Sarnese-Nocerino (Serial No. 85581273), disclaiming any right to use the mark "Pomodoro San Marzano" apart from the mark as shown (submitted under F.R.E. 201, and introduced through Tyler Decl. ¶ 3, Exhibit "B");

4.    A true and correct copy of Cento's San Marzano original certification and traceability documentation from Agri-Cert, in Italian (submitted under the incorporation by reference doctrine, and introduced through the Declaration of Patrick M. Ciccotelli ("Ciccotelli Decl."), ¶ 3, Exhibit "A");

5.      A true and correct copy of the product label of the Cento San Marzano Certified Peeled Tomatoes, utilized at all times relevant to this lawsuit (submitted under F.R.E. 201, and introduced through Ciccotelli Decl. ¶ 4, Exhibit "B");

6.      A true and correct copy of a letter entitled "Consumer Legal Remedies Act Notice and Demand" dated May 15, 2019, that Cento received via certified mail from Melissa S. Weiner, the Plaintiffs' attorney (submitted under F.R.E. 201, and introduced through Ciccotelli Decl. ¶ 5, Exhibit "C"); and

7.      A true and correct copy of the Agri-Cert documentation translated into English (and including the Translation Affidavit of Daniel Rowden and introduced through Tyler Decl. ¶ 4, Exhibit "C").

## IV.   STANDARDS GOVERNING THIS MOTION

### A.   Rule 12(b)(6) and Rule 9(b) Pleading Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  A court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Similarly, courts need not "accept as true allegations that contradict matters properly subject to judicial notice[.]" *In re Gilead Scis. Sec. Litig.*, 526 F.3d 1049, 1055 (9th Cir. 2008).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiffs acknowledge that the heightened pleading standards of Fed. R. Civ. P. 9(b) apply to their entire Complaint. (Amended Complaint, ¶ 91). The Ninth Circuit has specifically held that Rule 9(b) applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See* Fed. R. Civ. P. 9(b). To satisfy the pleading requirements of Rule 9(b), a complaint must plead "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In addition, the allegation "must set forth what is false or misleading about a statement, and *why* it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (emphasis added).

**B.     Rule 12(b)(1)**

While lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Once a defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 U.S. Dist. LEXIS 53148, at *9 (N.D. Cal. Apr. 19, 2016) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010)).

**C.     Rule 12(b)(2)**

Under Rule 12(b)(2), a defendant may be dismissed if the court lacks personal jurisdiction over it. Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over parties, looking to the state's long arm statute regarding service of summons. Fed. R. Civ. P. 4(k)(1)(A); *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014). California's long-arm statute, in turn, permits exercise of personal jurisdiction to the full extent permitted by federal due process. *Id.*; *see also Williams v. Yamaha Motor*

CALL & JENSEN

1  *Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017).  The party filing the complaint bears the burden

2  to establish jurisdiction.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

3  **V.  PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED**

4  **UPON THE PRODUCTS' GROWING REGION OR APPEARANCE**

5  Plaintiffs' first of two principal claims in this case is that Defendant's Products are

6  not grown in the Agro Sarnese-Nocerino region of Italy.  They appear to allege that

7  Cento's Products have a different appearance as a result.  Because Plaintiffs fall woefully

8  short of plausibly alleging that the Products they purchased come from outside the Agro

9  Sarnese-Nocerino region, this first allegation lacks the factual support necessary to

10  sustain a claim for relief.  Further, that the Complaint lacks *any factual allegations* that

11  tie Cento's general farming operations to any other area than that which it advertises

12  makes clear that the claims based on this premise are ripe for dismissal.

13  Under the UCL's "fraudulent" prong, Plaintiffs must allege with specificity that

14  Defendant's alleged misrepresentations: (1) were relied upon by the named plaintiffs; (2)

15  were material; (3) influenced the named plaintiffs' decision to purchase the product; and

16  (4) were likely to deceive members of the public.  *In re Apple In-App Purchase Litig.*,

17  855 F. Supp. 2d 1030, 1041 (N.D. Cal. 2012).  As an initial matter, Plaintiffs allege that

18  they made their purchasing decisions based upon the "Certified" statement on the Product

19  label – and no other label statement.  (Amended Complaint, ¶¶ 77, 84, 90).  They do not

20  allege reliance on any label statement concerning where the Products are grown.

21  Accordingly, they cannot pursue any claim arising from any alleged misrepresentation as

22  to the Product's growing location.  *See, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, 260 F.

23  Supp. 3d 1202, 1208 (N.D. Cal. 2017) ("To prevail on their causes of action under

24  the UCL, FAL, and the CLRA, Plaintiffs must demonstrate that they actually relied on

25  the challenged misrepresentations…"); *Kwikset Corp. v. Sup. Ct.*, 51 Cal.4th 310, 326-

26  27 (Cal. 2011) (confirming that reliance is a necessary element of claims brought under

27  California's UCL and FAL); *Goonewardene v. ADP, LLC*, 5 Cal. App. 5th 154, 184, 209

28  Cal. Rptr. 3d 722, 749 (Ct. App. 2016), *as modified on denial of reh'g* (Nov. 29, 2016)

(pleading fails to establish reliance as required by FAL when it "describes [the defendant's] purportedly misleading statements, but does not allege that appellant actually saw them.").

However, even if Plaintiffs had alleged that they personally relied on representations about where the Products are grown, they fail to provide the "who, what, when, where and how" of establishing that the Products they personally purchased were not grown in the Agro Sarnese-Nocerino area.  Plaintiffs fail to identify a lot number (and as to Mr. Snarr and Mr. Duca, a date of purchase as well): accordingly, they fail to provide the "when." *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (claims sounding in fraud must allege "an account of the time, place and specific content of the false representations…").  Similarly, Plaintiffs fail to allege with particularity where they purchased the Products.  Plaintiffs fail to allege the "what" because they have not alleged that *any* specific Product that they purchased was grown outside the Agro Sarnese-Nocerino region.  Similarly, with respect to their appearance-based allegations, Plaintiffs raise no factual connection between their purchases and the Comparison Images in the Amended Complaint.  Plaintiffs do not allege that the Cento Products shown within the Comparison Images are of the Products they purchased; they do not even allege that the photos are *representative* of what they purchased.

Accordingly, because they do not provide any plausible factual basis for their conclusory allegation that the Products they personally purchased were grown outside the Agro Sarnese-Nocerino region, any claim for relief based on these conclusory allegations must fail.

## VI.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY CLAIM BASED UPON THE PRODUCTS' CERTIFICATION

Plaintiffs' second principal allegation is that only the Consortium—and no other entity of any sort—can certify tomatoes as San Marzano, and that all San Marzano tomato products sold in the United States must accordingly bear the Consortium's D.O.P.



marking.  This claim also fails because Plaintiffs allege no facts that plausibly support this conclusory assertion.

First, Plaintiffs do not provide any legal authority whatsoever establishing that only the Consortium can certify tomatoes as San Marzano, and that such products must have their D.O.P. marking.  Plaintiffs point to no federal law or regulation of any sort – from the FDA, USDA, or otherwise – establishing that the Consortium is the only acceptable San Marzano certifier for sales of tomatoes in the United States.  Nor do they allege any facts establishing the Consortium's singular authority on San Marzano certification from Italy or the European Union ("EU").[2]  Even if they did, Plaintiffs fail to identify any laws or regulations applicable in the United States establishing that an American company must exclusively obtain certification from a foreign (and apparently monopolistic) entity.  Plaintiffs also fail to allege any facts establishing *why* "[t]hird-party companies are not authorized to certify 'San Marzano' tomatoes, as that ability is reserved for the Consortium alone."  (Amended Complaint, ¶ 58).  This completely conclusory and unsupported allegation is insufficient to sustain a plausible path to relief.

Second, Plaintiffs fail to allege *how* they personally were (or how a reasonable consumer could be) misled by the "Certified" statement.  Citing Defendant's website, Plaintiffs acknowledge that Defendant's Products are "certified by a third party."  (*Id.* ¶ 59).  Defendant's website expressly states the name of its certifier: "[a]n independent third party, Agri-Cert, certifies that our Cento Certified San Marzano Tomatoes are produced with the proper, traditional method to ensure superior quality and authenticity."  *See Peacock v. The 21st Amendment Brewery Café, LLC*, No. 17-cv-01918-JST, 2018 U.S. Dist. LEXIS 7537, at *6, 12-13 (N.D. Cal. Jan. 17, 2018) (taking judicial notice of defendant's website pages and dismissing certain claims because "the 21st Amendment website affirmatively states that it brews beer in Minnesota.").

Here, Plaintiffs cite Defendant's website and attack the validity of Defendant's certification with no factual support.  As such, the Court can take judicial notice of

---

[2] Similarly, Plaintiffs do not allege that Defendant's certification contradicts or violates any law, regulation, or standard set forth by the United States, Italy, or the EU.

CALL &
JENSEN

1    Cento's San Marzano certification by Agri-Cert. (Ciccotelli Decl. ¶ 3, Exhibit "A"; *see*

2    English translation at Tyler Decl. ¶ 4, Exhibit "C").[3]  *Swartz*, 476 F.3d at 763 (holding

3    that the incorporation by reference doctrine is designed "to prevent plaintiffs from

4    surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their

5    claims are based.").  The certification itself indicates that the 25 fields for the 2018

6    growing season were audited to confirm compliance "of the growing of the Kiros and San

7    Marzano 2 varieties of tomatoes in the fields up to their processing into peeled tomatoes."

8    (*Id.* at pg. 1).[4]  All 25 fields in operation in 2018 are verifiably located in the Agro

9    Sarnese-Nocerino area.  (*Id.* at pg. 3).

10       Because Defendant expressly states the name of its San Marzano certifier on its

11   website, because Defendant does not use the "D.O.P." markings on its label, and because

12   the Products *are* certified, Plaintiffs fail to plausibly allege how they were misled by the

13   "Certified" label claim on the Products or how "members of the public are likely to be

14   deceived" into believing that the Products are certified by the Consortium.  *Williams v.*

15   *Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

16       Third, records from the United States Patent and Trademark Office ("USPTO")

17   establish that the Consortium has no current exclusive right, and has *never* enjoyed the

18   exclusive right, to mark "San Marzano" on tomato products in the United States.  In 2012,

19   the Consortium applied for but later abandoned, mid-application, a trademark for

20   "Pomodoro San Marzano Dell'Agro Sarnese-Nocerino." (Tyler Decl. ¶ 3, Exhibit "B").

21   15 U.S.C. § 1051(d); 37 C.F.R. § 2.65(c). Even if the application was eventually

22   registered (which it wasn't), the USPTO application that the Consortium abandoned

23   explicitly excluded any exclusive rights to use "Pomodoro S. Marzano" in advertising,

---

[3] The certification covers Cento's production process from seed to farm to can, and establishes that Cento's Products are verifiably produced according to the standards that Plaintiffs claim influence purchasing decisions. However, Defendant submits that the Court can simply take judicial notice that the certification exists – and that as a result, the Products *are* certified.

[4] Cento's certification also vitiates Plaintiffs' allegations that Cento's Products differ in appearance from other San Marzano tomatoes. Cento's certification establishes that its San Marzano tomatoes grow from Kiros and San Marzanos 2 seeds, the very same seeds Plaintiffs acknowledge as the seeds used to grow San Marzano tomatoes. (Amended Complaint, ¶ 21).

CALL &
JENSEN

indicating that the Consortium does not hold (and never claimed to hold) a monopoly on "San Marzano" advertising in the United States. (*Id.*). Indeed, the time in which the Consortium could revive its application has long passed. 37 C.F.R. § 2.66. On the other hand, the USPTO has *issued* a registered trademark to Cento for the "San Marzano" word-and-design mark currently used on the Products. (Tyler Decl. ¶ 2, Exhibit "A"). Consequently, *if* any party enjoys a greater right to mark its tomatoes as "San Marzano" in the United States, it is Cento – due to its valid certification and trademark rights.

Plaintiffs do not allege that they personally believed the Products were certified by the Consortium or contained the D.O.P. marking on the label. Nor could they, because Defendant's Products are clearly not certified by the Consortium and do not carry the "D.O.P." mark on its label. That the Consortium's D.O.P. marking is not used by Cento for certification purposes does not make the Products somehow not certified. Plaintiffs' conclusory assertion that San Marzano tomatoes can only be marked "D.O.P." and certified by the Consortium fails as a matter of law. Even if the Court determined that these claims sufficed under ordinary pleading standards, they do not satisfy Rule 9(b). *Maeda v. Pinnacle Foods Inc.*, No. 18-00459 JAO-RLP, 2019 U.S. Dist. LEXIS 79105, at *32 (D. Haw. May 9, 2019). Likewise, Plaintiffs fail to plausibly allege fraudulent activity based upon their reliance on the "Certified" label statement alone because the statement is true and Plaintiffs have not provided any specific facts supporting their theory that the statement constitutes a material misrepresentation. Therefore, all claims based upon the Products' certification should be dismissed.

## VII.   PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF

Notwithstanding the Ninth Circuit's recent decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), Plaintiffs fail to allege facts sufficient to confer Article III standing for injunctive relief. Federal courts require plaintiffs to demonstrate three elements to establish "standing" to sue: (1) "injury in fact" that is "concrete and particularized" and "actual and imminent"; (2) the injury must be fairly traceable to defendant's conduct; and (3) the injury can be redressed through adjudication. *Lujan v.*

CALL & JENSEN

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show personally that they have been injured, not that injury has been suffered by other, unidentified members of the class to which to they belong and to which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotations omitted).  Thus, Plaintiffs must plead valid claims "irrespective of the future class."  *Larsen v. Trader Joe's Co.*, No. C 11-01588-SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012).

In *Davidson*, the Ninth Circuit held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical[]' threat of future harm."  *Davidson*, 889 F.3d at 969 (quoting *Summers v Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  Examples of actual and imminent harm the *Davidson* court provided include cases where "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," and where "the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson*, 889 F.3d at 969-70.

In this case, Plaintiffs' singular allegation that they "would continue to purchase the Products in the future" falls far short of having alleged imminent harm.  (Amended Complaint, ¶¶ 77, 84, 90).  Plaintiffs even place an important caveat on such a future purchase: "if [they] could rely upon the truthfulness of Defendant's labeling[.]"  (*Id.*). Plaintiffs contend that in order to be a true San Marzano tomato, it can only be certified by the Consortium and must be marked "D.O.P."  The definitiveness of these conclusions can only mean that Plaintiffs will not purchase, and are in no imminent danger of

purchasing, Defendant's Products until they contain that exact certification marking by that particular certifier.   Until then, Plaintiffs steadfastly believe that Defendant's Products are not truthfully labeled, and are therefore in no imminent danger of purchasing Defendant's Products.  *See Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 U.S. Dist. LEXIS 194451, at *10-11 (N.D. Cal. Nov. 27, 2017)[5] (finding singular allegation that plaintiffs would purchase Kona beer if it was in fact brewed in Hawaii insufficient, even under *Davidson*, to establish standing for injunctive relief). That Plaintiffs "would" purchase the Products in the future under certain specific conditions does not equate to imminent danger.  *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) ("The possibility that Plaintiff might be injured in the future by the alleged defect if he *potentially* repairs his watch is an insufficient allegation of future harm.") (emphasis in original).  Plaintiffs simply do not plead the requisite plausible allegations necessary to satisfy the scenarios of future harm set forth in *Davidson*.

## VIII.  PUTATIVE   NONRESIDENTS'   NATIONWIDE   SUBCLASS   CLAIMS SHOULD BE DISMISSED FOR LACK OF SPECIFIC JURISDICTION

Plaintiffs cannot pursue state claims on behalf of putative class members with no connection to the State of California. The United States Supreme Court recognizes two types of personal jurisdiction: "general" (or "all-purpose") jurisdiction and "specific" (or "case-linked") jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).   Courts with general jurisdiction may hear any claim against that defendant, even if all of the incidents underlying the asserted claim occurred in a different state.  *Id.* at 1780.  However, only a "limited set of affiliations with a forum will render a defendant amenable to general jurisdiction . . . ." *Id.* (internal quotation marks omitted). For a court to exercise specific jurisdiction, the suit must "aris[e] out of or relat[e] to" the

---

[5] The *Broomfield* court reviewed the Ninth Circuit's original *Davidson* opinion, issued on October 20, 2017. *See Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017), *modified by, rehearing, en banc denied by Davidson, supra.* The pertinent language and holding in the 2018 *Davidson* opinion provided above was not modified from the 2017 issuance.

defendant's contacts with the forum. *Id.* (alteration in original) (internal quotation marks omitted). Thus, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State…" *Id.* (alteration in original) (internal quotation marks omitted). Because Plaintiffs correctly allege that Cento is a citizen only of New Jersey (and therefore concedes that it maintains its principal place of business there), it is not subject to general jurisdiction in California. *See Daimler AG*, 571 U.S. at 137 (recognizing that the paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business).

Where there is no connection between the controversy at issue and the activities taking place in the forum State, specific jurisdiction is lacking regardless of the extent of the unconnected activities. In *Bristol-Myers*, the Supreme Court held that the out-of-state plaintiffs could not establish specific jurisdiction over their claims by relying upon the fact that other, in-state plaintiffs in the case could establish specific jurisdiction. 137 S. Ct. at 1783. The Supreme Court held that each of the plaintiffs' claims must arise from the defendant's forum-related activities regardless of whether specific jurisdiction had been established by another claimant. *Id.* The Supreme Court explained that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the product] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1776. *Bristol-Myers* establishes that a nonresident plaintiff (like those comprising the putative multi-state subclass in this case) cannot bring claims against another nonresident (like Cento) in a forum that has no nexus to the dispute between the nonresident plaintiffs and the nonresident defendant, even if specific jurisdiction exists as to claims asserted by the California resident plaintiffs. *See In re Samsung Galaxy Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 U.S. Dist. LEXIS 54850, at *8 (N.D. Cal. Mar. 30, 2018) (dismissing Maryland plaintiff's claims brought against company headquartered and incorporated in Korea, New Jersey, and New York); *Morrison v. Ross Stores, Inc.*, No.



18-cv-02671-YGR, 2018 U.S. Dist. LEXIS 194431, at *11 (N.D. Cal. Nov. 14, 2018) (dismissing a Missouri plaintiff's claims brought against a North Carolina company). Therefore, the claims of any nonresident putative class members should be dismissed.

## IX. PLAINTIFFS' CLRA CLAIMS MUST BE DISMISSED FOR FAILING TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE ACT

Plaintiffs' CLRA claims must be dismissed because their notice letter fails to provide sufficient notice of the alleged wrongful defects or acts.  To bring a claim for damages under the CLRA, Plaintiffs must satisfy the notice requirement pursuant to Cal. Civil Code § 1782.  The purpose of this notice requirement is to "give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 30, 40, Cal. Rptr. 852 (Cal. Ct. App. 1975).  Here, Plaintiffs' CLRA letter, dated May 15, 2019, stated that "[i]n its pricing, marketing, and advertising of the Products, Cento represents that Products are authentic San Marzano tomatoes knowing that reasonable consumers will rely on these representations and pay extra for the Products or purchase them instead of other tomatoes." (Ciccotelli Decl. ¶ 5, Exhibit "C" at 1).  The letter contains no other description of Cento's alleged wrongdoing as provided.

This singular vague, broad, and nonspecific statement fails to identify the acts that purportedly give rise to Plaintiffs' CLRA claim.  In *Ruszecki, et al. v. Nelson Bach USA Ltd.*, the plaintiff's notice letter failed to identify numerous allegedly false and misleading claims later challenged in the suit itself, including "Can Reduce Everyday Stress," "All Natural Form of Healing," and "Fast Acting." No. 12-CV-495-L(NLS), 2015 U.S. Dist. LEXIS 151946, at *16 (S.D. Cal. June 25, 2015). The court held that because these statements were "not specifically raised" or "identified" in the notice letter, the plaintiff's claims based on these statements or acts were dismissed. *Id.* at *15-16.  Similarly, in this case, the Plaintiffs' letter does not identify any allegation regarding the "Certified" statement or any other label statement; makes no claim or allegation regarding the Product's growing locations; does not assert that the Products can only be sold with the

Consortium's D.O.P. certification; and does not otherwise invoke or discuss the Product's certifications.   In fact, Plaintiffs' CLRA letter mentions no particular acts at all. Moreover, the Plaintiffs' statement vaguely alluding to "pricing, marketing, and advertising" does not suffice.   In *Ruszecki*, the plaintiff unsuccessfully argued that the statement "[i]n fact, all of YOUR products, not only Original Rescue Drops, have no efficacy beyond a placebo," satisfied the CLRA's notice requirement.   *Id.*   The court responded that "this general statement does not comport with the rigid compliance courts have consistently required under the CLRA." *Id.*

Other courts, including this Court, have similarly dismissed claims not raised in the CLRA notice letter.   *Peacock*, 2018 U.S. Dist. LEXIS 7537, at \*23-24 (plaintiff's CLRA letter failed to provide adequate notice because "[a]s written, 21st Amendment could not have known from the demand letter…the specific parts of its 'advertising and sale' practices that caused the  violations, or what Peacock expected the brewery to do about it."); *see also Sebastian v. Kimberly-Clark Corp.*, No. 17cv442-WQH-JMA, 2017 U.S. Dist. LEXIS 208544, at \*23 (S.D. Cal. Dec. 18, 2017) (dismissing CLRA claim with respect to damages, restitution, or disgorgement arising from use of the term "hypoallergenic.").   Plaintiffs' CLRA letter clearly fails to provide sufficient notice of *any* of the claims raised in their Amended Complaint, and nor can they argue that the Amended Complaint itself advises Cento of their wrongdoing.   *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2014 U.S. Dist. LEXIS 34550, at \*62-63 (N.D. Cal. March 14, 2014).

Nothing absolves Plaintiffs from their statutory duty to inform Cento of alleged wrongful defects or acts.   Because Plaintiffs provided woefully insufficient notice of their CLRA damages claims, they should be dismissed.

## X.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM FOR UNJUST ENRICHMENT

"To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's

expense." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038-39 (9th Cir. 2016) (citing *Lectrodryer v. Seoul Bank*, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (2000)). However, the Ninth Circuit has held that, in light of the fact that California courts are "unsettled on the availability" of unjust enrichment as an independent cause of action, the claim is only available through a theory of quasi-contract. *ESG Capital Partners*, 828 F.3d at 1038. In other words, there must be an underlying claim "that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. CV 16-1442 PSG (MRWx), 2017 U.S. Dist. LEXIS 174394, at *26-27 (C.D. Cal. Oct. 10, 2017) (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Where, as in this case, a plaintiff fails to meet Rule 9(b)'s particularity requirements, any claim for unjust enrichment must also fail. *In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 U.S. Dist. LEXIS 103408, at *50-51 (N.D. Cal. Nov. 6, 2009). And for the reasons provided above, Plaintiffs fall significantly short of pleading their UCL, FAL, and CLRA claims with particularity under Rule 9(b)'s heightened pleading requirements. Therefore, Plaintiffs' independent cause of action for unjust enrichment under California law should be dismissed.

## XI.   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE A CLAIM FOR BREACH OF EXPRESS WARRANTY

Plaintiffs' multi-state claim for breach of express warranty not only fails for the personal jurisdiction reasons argued above (as to putative nonresidents' claims), but because the Amended Complaint does not identify which state's law applies to their claim. As this Court has recognized, "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016) (dismissing breach of warranty and other common law claims). Plaintiffs' listing of the allegedly applicable breach of warranty statutes from the various states does not clearly resolve the question of which state's law applies to their would-be



1   class claims.  (Amended Complaint, ¶ 154).  Furthermore, within the states listed, there

2   is a wide variance amongst several key elements of a breach of express warranty claim,

3   including whether privity, pre-suit notice, and reliance is required.  Accordingly, because

4   Plaintiffs fail to identify which state's law would apply to their mult-state breach of

5   express warranty claim, the claim should be dismissed.

6           Even if the Court were to apply California law to the Plaintiffs' breach of express

7   warranty claims, their breach of express warranty claim should be dismissed for failure

8   to provide pre-suit notice.  In California, a plaintiff alleging a breach of express

9   warranty must also provide the defendant with pre-suit notice of the breach.  *See* Cal.

10  Com. Code § 2607(3)(A) ("buyer must, within a reasonable time after he or she discovers

11  or should have discovered any breach [of warranty], notify the seller of breach or be

12  barred from any remedy"); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 986 (N.D. Cal.

13  2009).  Here, Plaintiffs wrongly assert that their May 15, 2019 letter to Cento constitutes

14  adequate notice of their breach of express warranty claim.  (Amended Complaint, ¶ 156).

15  First, the letter is clearly dated, was sent, and was received *after* Plaintiffs' May 14, 2019

16  filing of this lawsuit.  (Dkt. No. 1).  As such, the letter clearly cannot suffice as pre-suit

17  notice.  Second, nowhere in the letter do Plaintiffs warn that they will bring a claim for

18  breach of express warranty.  (Ciccotelli. Decl. ¶ 5, Exhibit "C").  Indeed, the letter makes

19  no mention of the label claim "Certified" whatsoever.  *See Evans v. DSW, Inc.*, CV-16-

20  3791 JGB (SPx), 2017 U.S. Dist. LEXIS 216614, at *12 (C.D. Cal. Sept. 14, 2017)

21  ("…absent from the CLRA letter are any facts, claims, or representations signaling

22  Plaintiff's intent to bring breach of warranty or breach of contract claims.").

23          Even if the Court considered Plaintiffs' breach of express warranty claim

24  notwithstanding Plaintiffs' failure to identify the applicable law and provide pre-suit

25  notice, the claim still fails at the pleading stage.  In Count V, Plaintiffs solely contend

26  that the Products are not "certified." (Amended Complaint, ¶ 154).  Yet elsewhere in their

27  pleading they *admit* that the Cento San Marzano Products are "certified."  (*Id.* ¶ 57).

28  Plaintiffs do not allege that they believed that "Certified" meant certification by the

1   Consortium.   Because the Products are indeed certified, Plaintiffs have pleaded
2   themselves out of court with respect to their breach of express warranty claim.

3   **XII.  THE AMENDED COMPLAINT DOES NOT ALLEGE FACTS TO**
4   **SUPPORT A FINDING THAT LEGAL REMEDIES ARE INADEQUATE**

5          It is well settled that a plaintiff may not seek equitable remedies under California's
6   UCL, FAL, and CLRA when an adequate remedy at law is available.  *See Salas v. Toyota*
7   *Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (EX), 2016 WL 7486600, at *13 (C.D.
8   Cal. Sept. 27, 2016) (collecting cases); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-
9   02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) ("because Plaintiff's
10  CLRA, UCL, FAL, and unjust enrichment causes of action rely upon the same factual
11  predicates as Plaintiff's legal causes of action—that Defendant used squid instead of
12  octopus—they must be dismissed." (internal quotation marks omitted)).

13         Here, even if Plaintiffs' claims were not entirely barred on the grounds set forth
14  above, their equitable claims are nevertheless barred on the grounds that Plaintiffs have
15  adequate remedies at law.  In particular, Plaintiffs' CLRA and breach of warranty claims
16  provide for legal remedies—i.e. recovery of actual damages—and the factual basis for
17  Plaintiffs' legal claims is identical to the factual basis for their equitable claims.  Plaintiffs
18  have not alleged any facts to establish that legal remedies are inadequate; therefore, the
19  equitable claims must be dismissed.

20  **XIII. PLAINTIFFS CANNOT STATE ANY CLAIM BASED ON CONDUCT**
21  **OCCURRING OUTSIDE THE APPLICABLE STATUTES OF**
22  **LIMITATION**

23         Plaintiffs do not attempt to calculate the applicable statute of limitations period
24  applicable to their own lawsuit, requiring the Court or Defendant to perform this work
25  for them.  (Amended Complaint, ¶ 98).  The front end of the class period is limited by the
26  applicable statute of limitations.  *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117,
27  1133 (C.D. Cal 2010).  The UCL and breach of warranty claims are subject to a four-year
28  statute of limitations.  Cal. Bus. & Prof. Code § 17208 (UCL); *Mills v. Forestex Co.*, 108

CALL &
JENSEN

Cal. App. 4th 625, 642 (2003).  The statute of limitations for CLRA and FAL claims is three years.  *Yumul*, 733 F. Supp. 2d at 1130.  Plaintiffs make no effort whatsoever to plead any basis for equitable tolling.  Accordingly, the Complaint fails to state any claim based on conduct occurring outside the applicable statutes of limitations, and the Court should dismiss all such claims, especially Plaintiffs' immaterial allegations of conduct by non-Cento persons that allegedly occurred eight years ago (Amended Complaint, ¶ 62 n.4).  *Yumul*, at 1133 (because the plaintiff failed to plead facts sufficient to establish tolling under the delayed discovery rule or the fraudulent concealment rule, "the court dismisses [plaintiff's] complaint to the extent it alleges conduct occurring outside the relevant statutes of limitations"); *Keilholtz v. Lennox Hearth Products, Inc.*, No. C 08-00836 CW, 2009 WL 2905960, at *4 (N.D. Cal. Sep. 8, 2009) (because plaintiffs failed to plead facts establishing any basis for tolling, their "CLRA claims arising outside of the three-year statute of limitations, UCL claims arising outside of the four-year statute of limitations, and unjust enrichment claims arising outside of the three-year statute of limitations are dismissed").

## XIV.  CONCLUSION

Plaintiffs filed this lawsuit without conducting any reasonable inquiry and deliberately omitted exculpatory documentation.  Plaintiffs should feel relieved that the Products they purchased are exactly as advertised – certified San Marzano tomatoes – but their lack of investigation and baseless allegations in this lawsuit requires an equally quick dismissal.  All of Plaintiffs' allegations are stunningly inadequate and implausible, and they accordingly fail to state a claim for each and every cause of action pled.  The Amended Complaint should be dismissed in its entirety with prejudice, as no amount of re-pleading or a third bite at the apple could resurrect this inevitably fatal result.

1

2

Dated:  August 5, 2019

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole

3

4

By: /s/ William P. Cole
          William P. Cole

5

6

Appearance Pro Hac Vice:
AMIN TALATI WASSERMAN, LLP
Sanjay S. Karnik
Daniel S. Tyler

7

8

By: /s/ Daniel S. Tyler
          Daniel S. Tyler
          Appearance Pro Hac Vice

9

10

Attorneys for Defendant Cento Fine Foods, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2019, I electronically filed the foregoing document described as **DEFENDANT CENTO FINE FOODS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF System, which will send notification of such filing via electronic mail to all counsel of record.

By: */s/ Daniel S. Tyler*
Daniel S. Tyler
Appearance *Pro Hac Vice*