United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEREK SNARR, et al.,

Plaintiffs,

v.

CENTO FINE FOODS INC.,

Defendant.

Case No. 19-cv-02627-HSG

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 40

Pending before the Court is Defendant's motion to dismiss Plaintiffs' Amended Complaint, for which briefing is complete. Dkt. No. 40 ("Mot."), 45 ("Opp."), 51 ("Reply"). For the reasons articulated below, the Court **DENIES** Defendant's motion to dismiss.

## I. BACKGROUND

On July 22, 2019, Lead Plaintiffs Derek Snarr, J. Michael Duca, and Candace Goulette filed an amended class action complaint on behalf of a putative California and nationwide class, alleging violations of California's Unfair Competition Law ("UCL"), Consumers Legal Remedies Act ("CLRA"), and False Advertising Law ("FAL"), as well as two common law claims. Dkt. No. 39 ("FAC"). Plaintiffs' claims are based on Defendant Cento Fine Foods, Inc.'s packaging and labeling representations regarding its "Certified San Marzano" tomato products (the "Products"). *Id.* ¶ 1.

According to Plaintiffs, "[t]he term 'San Marzano' refers to canned tomatoes unique to a specific region of Italy which have been grown, harvested, and processed according to specific guidelines." *Id.* ¶ 20. The tomatoes must be grown specifically in the "Agro Sarnese-Nocerino" region of Campania, Italy and "must have a Denominazione di Origine Protetta ("D.O.P.") marking" from the Consortium, which is "the only entity which can certify and approve a San Marzano tomato." *Id.* ¶¶ 22–26.

Lead Plaintiffs each allege that they purchased at least one Cento "Certified San Marzano" Product from a grocery store in 2019, relying on the "Certified" marking on Defendant's label. *See id.* ¶¶ 75–76, 79, 81, 86, 88. Because Defendant's Products do not have a D.O.P. marking nor meet other criteria of "true San Marzano tomatoes," Plaintiffs allege that "Defendant's Products are not 'San Marzano tomatoes," "despite the Product packaging, which indicates to reasonable consumers that the tomatoes contained in Defendant's Products are authentic San Marzano tomatoes." *Id.* ¶ 54. Specifically, Plaintiffs allege that "Defendant attempts to confuse consumers by stating that its tomatoes are grown in the Campania region of Italy" and by stating "that its production facility is located in the Sarnese-Nocerino region," because it is specifically the Agro Sarnese-Nocerino region where true San Marzano tomatoes must be grown. *Id.* ¶¶ 48–49. Additionally, Defendant's use of the word "Certified" on the label "does not disclose that the [Product] is not, in fact, a certified D.O.P. 'San Marzano' tomato." *Id.* ¶ 63.

Based on these facts, Plaintiffs assert the following five causes of action against Defendant: (1) California Business and Professional Code section 17200 (UCL); (2) California Civil Code section 1750 (CLRA); (3) California Business and Professional Code section 17500 (FAL); (4) unjust enrichment; and (5) breach of express warranty. *Id.* ¶ 18–23.

## II. REQUEST FOR JUDICIAL NOTICE

Before turning to the substance of the motion, the Court considers Defendant's request that the Court take judicial notice of seven documents under the doctrine of incorporation by reference. Dkt. No. 41. "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

Defendant first requests judicial notice of statements contained on the Frequently Asked Questions ("FAQ") page of its website. *See* Dkt. No. 40 at 5 n.1. Plaintiff does not oppose Defendant's request and, in fact, expressly provides the link to the page in the FAC. FAC ¶ 61 n.3. Accordingly, the Court **GRANTS** Defendant's request to take notice of the FAQ page. Similarly, Defendant requests judicial notice of Plaintiffs' letter titled "Consumer Legal Remedies

Act Notice and Demand," dated May 15, 2019. Dkt. No. 40-4. Plaintiffs again do not oppose notice of the letter, and instead note that it "is explicitly referenced in the [FAC] and is directly relevant to Plaintiffs' claims under the CLRA." Dkt. No. 46 at 2 n.1. The Court agrees and **GRANTS** Defendant's request to take judicial notice of the letter.

Defendant also seeks notice of the product label "utilized at all times relevant to this lawsuit" of Cento San Marzano Certified Peeled Tomatoes. Dkt. No. 40-3 ("Ciccotelli Ex. B."). Plaintiffs oppose Defendant's request arguing that the label differs from the one included in the FAC. Because the Court must draw all inferences in Plaintiffs' favor at this stage, the Court **DENIES** Defendant's request to take notice of Ciccotelli Ex. B.

Defendant next requests judicial notice of its trademark for the "San Marzano" design, Dkt. No. 40-6, and the abandoned "Pomodoro San Marzano Dell'Agro Sarnese-Nocerino" trademark application. Dkt. No. 40-7. Neither document is specifically noted in the FAC nor relevant to the Court's analysis. Therefore, Defendant's request as to those exhibits is **DENIED AS MOOT**. Similarly, Defendant's Agri-Cert certification in Italian and English, Dkt. Nos. 40-2, 40-8, is not relevant to the Court's analysis and notice as to both exhibits is **DENIED AS MOOT.**

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard for claims that "sound in fraud." Fed.

R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted).

## IV. DISCUSSION

Defendant moves to dismiss under Rule 12(b)(1), 12(b)(2) and 12(b)(6). Defendant argues that Plaintiffs fail to plausibly state a claim under the UCL, failed to provide notice under the CLRA, lack standing to seek injunctive relief, and fail to state claims for unjust enrichment and breach of warranty. Defendant additionally argues that the Court lacks personal jurisdiction over it as to the nationwide class. *See generally* Mot. The Court addresses each argument in turn.

### A. UCL, FAL, CLRA

The UCL prohibits unfair competition, broadly defined as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability, and here, Plaintiffs argue that they have stated a valid claim under the fraudulent prong of the UCL. Opp. at 5. "[T]o state a claim under the FAL, the CLRA, or the fraudulent prong of the



United States District Court
Northern District of California

UCL, Plaintiff[s] must allege that the packaging for Defendant's products is "likely to deceive" a "reasonable consumer." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1092 (N.D. Cal. 2017) (quoting *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). "[T]hese laws prohibit 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. 2002) (quoting *Leoni v. State Bar*, 704 P.2d 183, 194 (Cal. 1985)). To bring such a claim, a plaintiff must demonstrate that she "suffered injury in fact and . . . lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. In other words, Plaintiff must rely on the challenged misrepresentations. *See Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1208 (N.D. Cal. 2017).

Whether the challenged representations are "deceptive will usually be a question of fact not appropriate for decision" at the motion to dismiss stage. *Gerber*, 552 F.3d at 938. However, dismissal is appropriate where "the advertisement itself ma[kes] it impossible for the plaintiff to prove that a reasonable consumer [is] likely to be deceived." *Id.* at 939. Courts in this circuit have granted motions to dismiss after finding that the challenged advertisements include qualifying language which make the meaning of the representation clear. *See, e.g., Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (affirming district court's dismissal of California consumer claim when "[n]one of the qualifying language is hidden or unreadably small" and appears "immediately next to the representations it qualifies"); *Sponchiado v. Apple Inc.*, No. 18-CV-07533-HSG, 2019 WL 6117482, at *4 (N.D. Cal. Nov. 18, 2019) (finding "a reasonable consumer could not be deceived by the iPhone Products' screen size representation, given the qualifying language expressly notifying the consumer that the actual screen area is less than indicated."); *Dinan v. Sandisk LLC*, No. 18-CV-05420-BLF, 2019 WL 2327923, at *7 (N.D. Cal. May 31, 2019) (reasonable consumer could not be deceived regarding the number of bytes in the storage device, given that the packaging disclosed exactly how many bytes consumer would receive); *Bobo v. Optimum Nutrition, Inc.*, No. 14-CV-2408 BEN (KSC), 2015 WL 13102417, at *5 (S.D. Cal. Sept. 11, 2015) (dismissing claims when language elsewhere on packaging clarified that "100% WHEY" did not mean "100% protein," as "a reasonable consumer, like the plaintiff in *Freeman*,

cannot look at only one statement to the exclusion of everything else and claim he has been misled").

Defendant first argues that Plaintiffs fail to state a claim based on the Products' growing region. Mot. at 10–11. Specifically, Plaintiffs fail to "allege reliance on any label statement concerning where the Products are grown" and fail to allege with particularity that the Products were not grown in the Agro Sarnese-Nocerino area. *Id.* While Defendant is technically correct that Plaintiffs do not directly allege that they relied on representations about the region in which the tomatoes were produced, each Lead Plaintiff alleges that he or she relied on the "Certified" marking. FAC ¶¶ 76, 81, 89. The FAC further provides that "[t]he Consortium is the only entity which can certify and approve a San Marzano tomato," and "[a]uthentic San Marzano tomatoes must have a [D.O.P.] marking, certifying that the tomato was grown in the correct region and according to the correct specifications." *Id.* ¶¶ 24, 26. Reading these allegations in the light most favorable to the Plaintiffs, they sufficiently allege that they relied on the "Certified" marking, which incorporates or stands as a proxy for the geographic region where these tomatoes were grown. Similarly, Plaintiffs' underlying allegation is that the Products' label and packaging misleads consumers into believing that they are authentic San Marzano tomatoes by referring to geographic regions related to the "official" growing region of San Marzano tomatoes–the Agro Sarnese-Nocerino region. Plaintiffs need not specifically allege that the Products were not grown in this region, because they rely on Defendant's representation that the Products are grown in the Campania region of Italy and canned in the Sarnese-Nocerino region, thereby implying that the tomatoes are not grown specifically within this smaller region or, at best, leaving their growing region ambiguous. *Id.* ¶¶ 48–49. Plaintiffs allege that these representations, even if true, still have the likelihood or tendency to deceive or confuse the public into believing that the tomatoes are grown in the Agro Sarnese-Nocerino region. *Id.* The Court finds these allegations adequately plead a UCL claim under the fraudulent prong.[1]

---

[1] While Defendant argues that Plaintiffs have not alleged with particularity where or when Plaintiffs purchased the products, Mot. at 11, the Court finds that it is enough that Plaintiffs have alleged they purchased the products within the last year at a limited list of grocery stores. A "pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a



United States District Court
Northern District of California

Defendant next argues that Plaintiffs fail to state a claim based on the Products' certification. Mot. at 11–14. Primarily, Defendant argues that Plaintiffs fail to "allege [any] facts that plausibly support [the] conclusory assertion" that all San Marzano tomato products must bear the Consortium's D.O.P. marking. Mot. at 11–12. Second, Defendant argues that Plaintiffs fail to allege how they were misled by the "Certified" label claim given that Defendant "expressly states the name of its San Marzano certifier on its website, because Defendant does not use the 'D.O.P.' markings on its label, and because the Products *are* certified," by Agri-Cert. *Id.* at 13 (emphasis in original). The Court finds that Plaintiffs allege sufficient facts to survive the motion to dismiss stage, and further, that the disclosure noted on Defendant's website does not preclude Plaintiffs' claims of deception.

Plaintiffs allege that "[t]he Consortium is the only entity which can certify and approve a San Marzano tomato," and "[a]uthentic San Marzano tomatoes must have a [Consortium D.O.P.] marking, certifying that the tomato was grown in the correct region and according to the correct specifications." FAC ¶¶ 24, 26. To support these allegations, Plaintiffs include that "[t]he Consortium was granted the right to certify and approve San Marzano tomatoes by the European Union ["EU"] in 1996." *Id.* ¶ 25. Whether Plaintiffs can prove these facts though documentation of EU approval, an expert supporting these allegations, and/or laws or regulations of the EU, Italy, or the United States specifying this certification process is an issue properly addressed at the dispositive motion stage. At this stage, the Court must accept as true all factual allegations in the Complaint, and the Court finds that Plaintiffs have sufficiently met the requirements of Rule 9(b).

Finally, while Defendant argues that qualifying language on its website makes the "Certified" representation clear, this disclosure is not included on the packaging itself. Instead, the packaging states, "These San Marzano tomatoes are certified [by an] independent third-party agency and are produced with the proper method to ensure superior growth." *Id.* ¶ 52. This

defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiffs provide a label of the Products and specifically allege that each Lead Plaintiff purchased the Products from a few grocery stores, providing Defendants with sufficient information to identify the Products and prepare a responsive pleading.

language does not clearly disclose that the independent third-party agency is not the Consortium, and instead relies on consumers subsequently visiting its website to find such detail. These facts sufficiently distinguish this case from those granting a motion to dismiss due to qualifying language on the package itself which make the meaning of the representation clear.

Accordingly, the Court **DENIES** Defendant's motion to dismiss the UCL, FAL, and CLRA claims based on a failure to plead sufficient facts regarding the Products' growing region or certification.[2]

**B. Notice under the CLRA**

Defendant argues that Plaintiffs' CLRA claim should be dismissed because Plaintiffs' demand letter failed to provide sufficient notice of the alleged defects. Mot. At 18–19. Plaintiffs sent a demand letter on May 15, 2019, stating:

> Specifically, Plaintiffs hereby notify Cento that it has engaged in ongoing unlawful, fraudulent, and unfair business acts and practices in connection with the sales and marketing of its Cento Certified San Marzano Tomatoes (the "Products") in the State of California. In its pricing, marketing, and advertising of the Products, Cento represents that Products are authentic San Marzano tomatoes knowing that reasonable consumers will rely on these representations and pay extra for the Products or purchase them instead of other tomatoes.

Dkt. No. 40-4 at 2. Plaintiffs filed the instant action on May 14, 2019, and initially sought only injunctive relief on the CLRA cause of action. *See* Dkt. No. 1 at 15. In their original complaint, Plaintiffs noted that "[i]f Defendant fail[ed] to respond to Plaintiffs' letter or agree to rectify the

[2] The Court further rejects Defendant's argument that Plaintiffs may not seek equitable remedies given that they have alleged claims for damages under the CLRA and for breach of warranty. Mot. at 22. The UCL specifically provides that "[u]nless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies available under all other laws of this state." Cal. Bus. & Prof. Code § 17205. Similarly, the CLRA provides that "[t]he provisions are this title are not exclusive. The remedies provided herein for violation f any section of this title . . . shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law. Cal. Civ. Code § 1752; *see also Madani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 3753433, at *9 (N.D. Cal. Aug. 8, 2019) ("[A]at the pleading stage, theories of equitable remedies are not barred by a plaintiff adequately pleading theories supporting monetary relief."); *Luong v. Subaru of Am., Inc.*, No. 17-CV-03160-YGR, 2018 WL 2047646, at *7 (N.D. Cal. May 2, 2018) ("The availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct."). Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiffs' requests for equitable relief.

problems associated with the actions described above and give notice to all affected consumers within 30 days of the date of written notice, then Plaintiffs [would] move to amend their Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant." *Id.* The Plaintiffs did so in the FAC. *See* FAC ¶ 134.

The CLRA requires that a consumer provide notice of the "committed methods, acts, or practices declared unlawful by Section 1770" at least thirty days prior to commencing an action for damages. Cal. Civ. Code § 1782. The notice "requirement exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30–day period that it will correct those wrongs within a reasonable time." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261, 99 Cal. Rptr. 3d 768, 789 (2009). Plaintiffs argue that the letter made clear that Defendant's representations regarding the San Marzano certification were at issue. Opp. at 19–20. The Court agrees. Not only did the letter provide notice that the Certified San Marzano Tomatoes were at issue, they specifically noted that Defendants' representations of authenticity were at issue. Additionally, Plaintiffs filed their initial complaint prior to providing the letter seeking only injunctive relief (which did not run afoul of the provision). *See* Dkt. No. 1. The initial complaint provided further detail regarding Plaintiffs' allegations that the Products' labeling misled reasonable consumers to believe the Products are authentic San Marzano tomatoes even though they were not grown in the specified region and did not have the appropriate certification. *Id.* Thus, Plaintiffs sufficiently provided at least thirty days of notice prior to amending their complaint to include an action for damages, and the Court **DENIES** Defendant's motion to dismiss CLRA claims due to insufficiency of notice.

### C. Standing for Injunctive Relief

In addition to other forms of relief, Plaintiffs seek injunctive relief under the CLRA, UCL and FAL. FAC ¶¶ 118, 131, 144. Defendant argues that Plaintiffs fail to allege facts sufficient to confer Article III standing for injunctive relief. Mot. at 14–16. Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const., Art. III, § 2. One element of this case-or-controversy requirement is that the plaintiff must have standing to bring a claim. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, *as revised* (May 24,

2016). To establish Article III standing, a plaintiff must show: (1) she "suffered an injury in fact"; (2) "that is fairly traceable to the challenged conduct of the defendant"; and (3) "that is likely to be redressed by a favorable judicial decision." *Id.* at 1547 (citations omitted). In a false advertising suit, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Such "threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or "the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969–70.

Plaintiffs allege that they relied on the "Certified" representations on the Products' labels and "[h]ad the tomatoes not displayed the 'Certified' marking, [Plaintiffs] either would not have purchased the tomatoes or would not have been willing to pay a premium for the tomatoes." FAC ¶¶ 76–77, 81–83, 89–90. Plaintiffs additionally allege that "if [he or she] could rely upon the truthfulness of Defendant's labeling, [he or she] would continue to purchase the Products in the future." *Id.* ¶¶ 77, 84, 90. The Court finds that these allegations meet the requirements of *Davidson*. Plaintiffs establish threat of future harm by alleging that they would purchase the Products in the future only if they could rely on Defendant's labeling, whether the "Certified" mark was substantiated as D.O.P. certification or if it was removed. This sufficiently alleges the first example of future harm noted in *Davidson*—Plaintiffs will not purchase the Products until they can rely on the Products' representations.[3] Thus, the Court holds that Plaintiffs have

[3] Defendant cites *Broomfield v. Craft Brew All., Inc.* to argue that Plaintiffs do not allege future harm under *Davidson*. No. 17-CV-01027-BLF, 2017 WL 3838453, at *11 (N.D. Cal. Sept. 1, 2017). This case is distinguishable. There, plaintiffs alleged similar claims under the CLRA, UCL, and FAL for misleading consumers through their representations that their Kona beer was

standing to seek injunctive relief and **DENIES** Defendant's motion to dismiss the claims for such relief.

### D. Personal Jurisdiction

A defendant may seek dismissal of an action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). In order for a nonresident defendant to be subject to the personal jurisdiction of a court, "(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks omitted). Relying on *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), Defendant argues this Court cannot establish personal jurisdiction over it with regard to a possible nationwide class whose members are not residents of California. Mot. at 16–18.

The Court finds Defendant's reliance on *Bristol-Myers* misplaced. The Supreme Court did not "confront the question [of] whether its opinion . . . would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Bristol-Myers*, 137 S. Ct. 1773 at 1789 (Sotomayor, J., dissenting). In fact, courts addressing this precise argument have found that *Bristol-Myers* does not extend to absent class members. *See Santos v. CarMax Bus. Servs., LLC*, No. 17-CV-02447-RS, 2018 WL 7916823, at *5 (N.D. Cal. May 8, 2018) ("[I]n the absence of further guidance from the higher courts on this question, *Bristol-Myers* will not be construed to bar this Court's jurisdiction over [defendant] with respect to the non-California putative nationwide class members."); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D.

---

brewed in Hawaii, when it was actually brewed in the continental United States. *Id.* Those plaintiffs, however, only alleged that they would purchase the products, if defendants in fact brewed the beer in Hawaii. *Id.* The *Broomfield* court noted that it "cannot issue a mandatory injunction forcing [defendant] to alter its production process." *Id.* Here, Plaintiffs allege that they would purchase the tomatoes even without the allegedly misleading "Certified" mark, but would not purchase them if they cannot rely on the label.



United States District Court
Northern District of California

Cal. Sept. 22, 2017) (finding "*Bristol-Myers* [] meaningfully distinguishable based on that case concerning a mass tort action, in which each plaintiff was a named plaintiff" and ultimately refusing "to extend *Bristol-Myers* to the class action context. . . .").

Defendant's cited cases do little to support its argument. Both cases concerned a named plaintiff seeking to represent a nationwide class under non-forum law. *See Morrison v. Ross Stores, Inc.*, No. 18-CV-02671-YGR, 2018 WL 5982006, at *4 (N.D. Cal. Nov. 14, 2018) (dismissing an action where named Missouri plaintiff sought to represent a nationwide class in California under California law); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (dismissing a Maryland plaintiff seeking to represent a nationwide class under California's long-arm statute).[4] Accordingly, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction.

**E. Unjust Enrichment**

Defendant next argues that Plaintiffs fail to state an independent cause of action for unjust enrichment. Mot. at 19–20. The Ninth Circuit "has construed the common law to allow an unjust enrichment cause of action through quasi-contract," *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." (internal quotations and citations omitted)). "To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Capital Partners*, 828 F.3d at 1038. Restitution is not ordinarily available to a plaintiff unless "the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust." *Nibbi Bros., Inc. v. Home Federal Sav. & Loan Assn.*, 253 Cal. Rptr.

[4] Defendant also cited supplemental authority for this argument. Dkt. No. 55 (citing *Jackson v. Gen. Mills, Inc.*, No. 18-CV-2634-LAB (BGS), 2019 WL 4599845, at *3 (S.D. Cal. Sept. 23, 2019)). The Court respectfully disagrees with the reasoning of *Jackson*. The *Jackson* court relied on *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), to vacate a class certification order that applied California's consumer protection laws to a nationwide class. While *Mazza*'s holding is relevant to a choice of law analysis at the class certification stage, that is not the stage or question presented here.

289, 293 (Cal. Ct. App. 1988) (internal quotations and citations omitted). Here, Plaintiffs' basis for their unjust enrichment claim sounds in fraud, just as with their other claims, and is thus subject to Rule 9(b)'s pleading requirements. *See In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009), *aff'd*, 464 F. App'x 651 (9th Cir. 2011).

Plaintiffs allege that they are entitled to relief under a quasi-contract cause of action because Defendant "accepted or retained non-gratuitous benefits conferred by Plaintiffs . . . with full knowledge and awareness that, as a result of Defendant's deception, Plaintiffs . . . were not receiving a product of the quality nature, fitness or value that had been represented by Defendant and reasonable consumers would have expected." FAC ¶ 147. The Court finds Plaintiffs' unjust enrichment statement sufficient to state a quasi-contract cause of action. As noted above, Plaintiffs' allegations sufficiently state a claim under the fraudulent prong of the UCL, meeting Rule 9(b)'s pleading requirements. For the same reasons, the Court similarly **DENIES** Defendant's motion to dismiss the unjust enrichment cause of action.

### F. Breach of Express Warranty

Defendant argues that "because the Amended Complaint does not identify which state's law applies to [Plaintiffs' breach of express warranty] claim," it should be dismissed. Mot. at 20. Defendant correctly notes that for this claim, Plaintiffs list over forty different state statutes. FAC ¶ 154. Plaintiffs argue that addressing choice of law at this stage is premature and that this issue should instead be considered at class certification. Opp. at 17–18. However, none of the cases upon which Plaintiffs rely consider whether a plaintiff must identify the state law of a common law claim in its pleadings, but instead consider whether a motion to strike class claims under Federal Rule of Civil Procedure 12(f) is appropriate prior to class certification, *see CarMax* 2018 WL 7916823, at *4, or whether a choice of law analysis is appropriate prior to class certification, *see Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *3 (N.D. Cal. Sept. 8, 2016). Plaintiffs also cite cases where courts resolved choice of law issues at the class certification stage, but those cases again are inapposite to the question presented here. *See e.g.*, *Martinelli v. Johnson & Johnson*, No. 2:15-CV-01733-MCE-DB, 2019 WL 1429653, at *1

(E.D. Cal. Mar. 29, 2019); *Hart v. BHH, LLC*, No. 15CV4804, 2017 WL 2912519, at *1 (S.D.N.Y. July 7, 2017) (certifying a multi-state breach of express warranty class under California law).

Instead, the Court must determine whether Plaintiffs have sufficiently alleged a breach of warranty claim. Notably, while the Ninth Circuit has yet to weigh in, the majority of courts in this district have held that in a putative class action, claims arising under the laws of states in which no named plaintiff resides should be dismissed for lack of standing at the motion to dismiss stage. *See Hindsman v. Gen. Motors LLC*, No. 17-CV-05337-JSC, 2018 WL 2463113, at *15 (N.D. Cal. June 1, 2018); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *Corcoran v. CVS Health Corp., Inc.*, No. 15-CV-3504 YGR, 2016 WL 4080124, at *2 (N.D. Cal. July 29, 2016); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1069 (N.D. Cal. 2015). Here, all Lead Plaintiffs reside in California and purchased the Products in California. Accordingly, the Court **DISMISSES** the claims purportedly brought under the laws of jurisdictions other than California.

Defendant further argues that under California law, Plaintiffs' breach of warranty claim should be dismissed for failure to provide pre-suit notice and failure to sufficiently state a claim. Mot. at 21–22. "A plaintiff asserting a breach of express warranty claim must allege facts sufficient to show that (i) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (ii) the statement was part of the basis of the bargain; and (iii) the warranty was breached." *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal. 2014) (citing *Weinstat v. Dentsply Int'l, Inc.*, 103 Cal. Rptr.3d 614, 625–26 (Cal. Ct. App. 2010)). While the California Commercial Code section 2607 requires that a buyer give a seller notice of any breach of express warranty, it does not specifically require a buyer to give notice to a manufacturer. *See* Cal. Com. Code § 2607; *see also Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012) ("[W]hen claims are against a defendant in its capacity as a manufacturer, not as a seller, plaintiff is not required to give notice.") (citing *Greenman v. Yuba Power Prods.*, 377 P.2d 897, 899 (Cal. 1963)).

Here, Plaintiffs allege they purchased the products from third-party sellers and only sue Defendant, the manufacturer. FAC ¶¶ 75, 79, 86. Thus, notice was not required and Defendant's

argument to the contrary fails. Plaintiffs also allege that the "Certified" and "San Marzano" marks on the label constituted an express warranty to provide authentic San Marzano tomatoes certified by D.O.P. *Id.* ¶ 151. Defendant argues that the express warranty is not breached because Plaintiffs later "*admit* that the Cento San Marzano Products are 'certified.'" Mot. at 21 (emphasis in original). However, this is the same argument Defendant raises as to the misrepresentation-based claims addressed above. The motion to dismiss the breach of express warranty claim under California law is thus **DENIED** for the same reasons.[5]

## V. CONLUSION

For the reasons noted above, the Court **DISMISSES** the breach of express warranty claims brought under the laws of jurisdictions other than California. As for all remaining claims, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: 12/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

[5] Lastly, while Defendant raises a convoluted statute of limitations argument, the FAC only brings claims within the three-year statute of limitations for the CLRA and FAL, and the four-year statute of limitations for the UCL. FAC ¶¶ 74, 79, 86 (all alleging purchases within the year prior to filing the complaint). Thus, the Court **DENIES** Defendant's motion to dismiss any claims falling outside of the statute of limitations period, because there are none.